Howard agt. The Michigan Southern Rail Road Company

---

## SUPREME COURT.

HOWARD agt. THE MICHIGAN SOUTHERN RAIL ROAD COMPANY.

Where an answer and demurrer on one paper—the demurrer immediately fol-
lowing the answer— were served, and a reply served to the answer and the
demurrer noticed for argument, but before the expiration of the twenty days
from the service of the reply an amended answer was served, being an exact
copy of the original, except the demurrer, which was left off—*held*, that the
plaintiff was not bound to reply to the amended answer. The reply already
served was sufficient—the answer in fact was not amended.

*Erie Special Term, Dec.* 1850.   An answer was put in to the
complaint in this cause, containing special matter which, if true,
constituted a defence to all the causes of action contained in the
complaint.

On the same paper, and following the matters of fact contained
in the answer, was a demurrer to the whole complaint. The
plaintiff replied, denying the matters of fact set up in the answer,
and also (as it is now stated by counsel) noticed the demurrer for
argument. Within twenty days after the reply was served, the

defendant's attorney served what he called an amended answer. This paper was an exact copy of the former answer, but left out that part which was treated as a demurrer. The plaintiff did not reply anew, and the defendant claiming that the facts stated in the answer now stand admitted, moves for judgment on the pleadings.

JOHN GANSON, *for Defendants.*

CH. H. S. WILLIAMS, *for Plaintiff.*

SILL, Justice.—Section 172 of the Code which provides for the amendment of pleadings, of course, directs that such amendments shall be made without prejudice to the proceedings already had in the action. It has been suggested that this provision which is not found in the former rules of the court regulating amendments, was intended to change the former practice, so far as it required amended pleadings to be answered anew, in cases where they had been appropriately answered before amendment (1 *Hill*, 214; 5 *Id.*, 556: 1 *Wend.* 16). It is not, however, necessary, at present to decide this question. The answer in this case has not been amended at all. The answer and demurrer are different pleadings (§149, 156 *of the Code*), and by the fact that they were on one paper, and in form connected, they do not lose their distinct character. An answer and demurrer to the same cause of action is irregular in practice, and the defendant might have been compelled to elect by which they would stand, although it seems in this case the plaintiff was willing they should have the benefit of both.

The *service* of the paper called an amended answer, seems to have been a resort of the defendant's attorney to get rid of his own demurrer. Whether he succeeded in this, it is not now my purpose to inquire, but it certainly did not affect the question of fact joined in the case; it amounted to nothing (so far as this question is concerned) more than the service of a second copy of the original answer. This certainly did not make it necessary for the plaintiff to serve his reply over again, and as the whole matter of the answer stands denied, the motion can not prevail.

It is denied with costs.