FARMERS & MECHANICS' BANK OF GENESEE, Re-
spondent, v. DANIEL M. JOSLYN and Others, Ap-
pellants.

*Foreclosure—Original Contract—Usury—Subsequent Taint—Practice—Amend-
ment of Complaint.*

A party claiming to be the victim of usurious exaction cannot avail himself
of the invalidity of a later contract to shield himself from liability on one of an
earlier date, which was honest and free from vice.

When a new note was given, including as a part of the consideration thereof
the amount of a note previously due and unpaid, the fact that the new note
was void for usury will not shield the party from the payment of the original
note.

Appeal from the Supreme Court. The action was for
the foreclosure of a mortgage to the Plaintiff, as a continuing
security for the payment of all commercial papers then or there-
after to be held by the Plaintiff, on which Daniel M. Joslyn was
liable, or might become so at any subsequent period. The com-
plaint originally framed alleged his liability in the sum of
$1,500, with interest, for which the Plaintiff held his note, bear-
ing date the 24th of Dec., 1860, payable thirty days from date.
The Defendants, other than William Joslyn, who disclaimed any
interest in the mortgaged premises, alleged, by way of defence,
that the note of that date was void for usury, having been dis-
counted at a rate of interest exceeding seven per cent. The
Court, at Special Term, directed the trial of the issues of fact,
presenting the question whether the note was discounted at a
usurious rate of interest. On the trial of these issues at the Erie
Circuit, before Mr. Justice Grover, who had directed and framed
them at Special Term, it appeared by evidence on both sides
that the note in question was given in renewal of a previous note
to the Plaintiff which matured on the 10th of December, and
that such prior note, which was free from any taint of usury,
was never paid otherwise than by the discount of the renewal
note, and that the whole amount remained due, except one
month's interest, which was paid.

Upon these facts appearing, the Plaintiff's counsel applied for
the framing of additional issues for the purpose of presenting

the whole case together.   The Defendants' counsel objected, insisting that no such issue was presented by the pleadings ; that there was no opportunity to plead, or to prove any defence they might have to the original note; that the verdict should be conformed to the issues as settled, and that the Court had no power, *at that time,* to change or modify the previous order.

The Judge granted the application, no affidavit being made by Defendants of prejudice or surprise ; and on the issues as modified, the jury found that the renewal note was discounted at a usurious rate of interest, but that, with the exception above noted, the original note was due to the Plaintiff, and that it remained unpaid otherwise than by the proceeds of the usurious discount.

A case was made by the Defendants, upon which, together with the findings of the jury, the cause was heard before Mr. Justice Hoyt, at Special Term.   At the hearing, the Plaintiff moved for leave to amend the complaint in conformity with the proof and the findings.   The motion was resisted, on the ground that such an amendment would wholly change the Plaintiff's cause of action, and that the Defendants would have no opportunity to try the issue presented.   No affidavit was made on the part of the Defendants, and the amendment was allowed by the Court, and the Defendants were not allowed to put in a further answer.

The trial resulted in the finding by the Court of substantially the same facts previously found by the jury, and in the usual judgment of foreclosure for the amount of the original note, with interest.   The judgment was affirmed on appeal to the General Term, in the Eighth Judicial District, and the Defendants appealed to this Court.

*J. M. Humphry* for Appellants.
*John Ganson* for Respondent.

PORTER, J.—The judgment is in exact accordance with the legal rights of the parties.   The Court refused to enforce the illegal agreement, and it also declined to permit its perversion to a use injurious to the Plaintiff and beneficial to the Defendants, but to which the latter were not entitled either in conscience or in law.

The infected contract did not absolve the mortgagor from his antecedent obligation, nor did it impair the rights of the Plaintiff under a prior and valid agreement. It is true that the usurer is not permitted, *at his own election*, to allege an illegal act as a ground for reinstating an old security; but it is equally true that a party who claimed to be the victim of exaction cannot avail himself of the invalidity of a later contract, as a shield from liability on one of an earlier date which was honest and free from vice (Brown *v.* Dewey, 1. Sandf. Ch. R. 56; Swartwout *v.* Payne, 19 Johnson, 294; Billington *v.* Wagoner, 33 New York, 31; La Farge *v.* Herter, 5 Selden, 241; Crane *v.* Hubbell, 7 Paige, 413). It appeared on the trial that the paper in question was discounted for the sole purpose of renewing a note previously due and dishonored, and of which the payment was secured by the mortgage set forth in the complaint. To meet the case in this new phase, the Judge submitted to the jury such additional issues as were essential to bring to the view of the Court all the facts material to a just and intelligent decision. To this we see no well founded objection. He was invested with the same power at the Circuit which he exercised at Special Term in framing the original issue. It was a question addressed to his sound discretion. We think he was clearly right in the disposition which he made of it; but if we entertained a different opinion, we should not be at liberty to reverse the judgment on a question of mere practice, in respect to which the Court below is the ultimate arbiter.

The order of the Court, conforming the pleading to the proof and the findings, was made in the exercise of a like discretion. It involved no change in the form of the action, or in the nature and substance of the claim. The Defendants were not taken by surprise, and they suffered no legal prejudice from the amendment.

The judgment should be affirmed.

All the Judges concurring,

Judgment affirmed.

JOEL TIFFANY,<br>State Reporter.