J. F. Daly, J.
On July 23, 1868, an order was made by this court allowing the defendant a counsel fee of five hundred dollars, and alimony pendente lite of fifty dollars per week. The plaintiff did not comply with that order until April 3, 1371, when he paid to defendant nearly ten thousand dollars for the arrears of alimony, the counsel fee of five hundred dollars, and . one hundred and fifty dollars taxable costs of appeals to the general term and the court of appeals from orders which will be alluded to hereafter.
The defendant now asks the court for an order directing an additional counsel fee of five thousand dollars, to be allowed her to conduct her defense.
It is impossible to say whether she could have saved anything from this weekly sum if paid weekly to her, so that, as her counsel remarks, the amount now in her hands should be regarded as involuntary saving, induced by the neglect of the plaintiff to pay.
I will, however, take the matter into consideration upon this motion to this extent: I will regard the defendant as being in a position of pecuniary ability to sustain unsupported the expense of any extraordinary litigation, she may desire to indulge in as part of her defense, but I will not deprive her of the benefit of the counsel fee originally allowed her, on July 23, 1868, for conducting her defense, and which must have been exhausted before this time though no fault of hers. I therefore allow the defendant an additional counsel fee *313 of five hundred dollars, the action being for an absolute divorce.
On this application the propriety of the allowance made by the court in 1868, for counsel fee cannot be questioned, and it must be deemed to be settled, that in so far as the cost of conducting the defense is concerned, judged by the ordinary cost of conducting such a defense, and the amount of professional labor required, the sum allowed for counsel fee, at that time was sufficient; and as I cannot find from the papers that that sum was allowed for legal expenses up to that time only, or for any prescribed period, it must be deemed decisive of the amount needed for the litigation up to the trial.
But this, as I have said, must have been allowed as the ordinary cost of an ordinary litigation; if after the order of July 23, 1868, was made, the proceeding took a shape unusual and unexpected, and this without the act or consent of the defendant, I consider the court is not justified in refusing to hear an application for additional counsel fee on account of the additional professional labor devolving upon the defense.
The papers before me show such a state of facts. The plaintiff appealed from the order of July 23, 1868, allowing defendant alimony and counsel fee.
The general term of this court, on May 18, 1869, affirmed said order. The plaintiff then attempted to discontinue this action by paying the taxable costs only (something less than fifty dollars), and obtained an ex-parte order to that effect, which was served six months after the above affirmance by the general "term. The defendant moved to vacate such order of discontinuance, and the special term of this court granted the motion. The plaintiff appealed to the general term, but the order appealed from was affirmed.
The plaintiff then appealed to the court of appeals, *314 and the court of appeals affirmed the order of the general term.
After this the plaintiff paid up the alimony and counsel fee. I must regard the attempt of the plaintiff to discontinue and so avoid the order allowing alimony and counsel fee as. a novel and unexpected step, outside the usual course which actions for divorce take; and not entering into the calculation of the court when the counsel fee was fixed at five hundred dollars.
The argument of the motion to set aside the discontinuance and of the appeals to the general term and to the court of appeals, involving a great amount of labor, I must consider as calculated to absorb the allowance originally made for counsel fee, and if there be no other objection to this application than the fact of a prior allowance, the motion should be entertained.
Under the authority of well known cases, it was urged by the plaintiff, that the defendant having now ample' funds in her possession to defray the expenses of her defense, she should be allowed no more for that purpose (Osgood v. Osgood, 2 Paige, 621; cases in Bishop M. & D., 394, et seq.).
It has been stated that on or about April 3, 1871, the defendant received, in gross, about ten thousand dollars, for arrears of alimony, under the order of July 23, 1868, for counsel fee under the same order, and for taxable costs, the latter amounting to some one hundred and fifty dollars. Of this sum, she has still several thousand dollars in her possession.
She was to have been paid fifty dollars per week, and while the alimony remained unpaid, had to support herself as best she might.
II. May 24,1871. Motion by plaintiff for an order—
1. Settling the issues to be tried by a jury.
2. Allowing plaintiff to file a note of issue with the same effect as if filed before the present term.
*315 3. That the clerk put this case on the calendar in the place it would have occupied if regularly placed thereon for the present term.
4. Setting down this action for a special day for trial.
In this action, which, as above stated, was for an absolute divorce on the ground of adultery, the answer set up adultery of the plaintiff, and asked affirmative relief by decree of absolute divorce.
The defendant opposed the present (plaintiff’s) motion:
1. As to settling the issues,—urging that the acts of adultery charged in the complaint ás committed with one Croxson, in this State, had been condoned; and that, as to those charged with Croxson in Boston, the court has no jurisdiction; and as to both, that the statute of limitations was a bar to them, they having been committed seventeen years before the commencement of this action.
2. As to settling the issues raised by the amended answer,—that no reply was served to the amended answer, and that the reply served to the original answer does not put in issue any matters of the amended answer identical with the answer originally served.
3. As to placing this cause on the calendar and setting it down for trial,—that no notice of trial had been regularly served, as the issues were not settled, and that if it were matter of discretion, the defendant should not be forced to trial at this time without preparation.
John McKeon & Campbell, for plaintiff.
Mr. Boardman, for defendant.
Joseph F. Daly, J.
On this motion I am not in my opinion called upon to decide—
1. Whether the statute of limitations bars any re *316 lief to plaintiff on account of any of the adulteries set forth in the complaint.
2. Whether there is any statute of limitation applicable to such matters, except that contained, impliedly, in the statute requiring the plaintiff to show that five years have not elapsed since the discovery by him of the acts of adultery.
3. Whether the court has any jurisdiction of the alleged act of adultery charged in the complaint as committed in Massachusetts; as I do not see that those questions should not be left to be settled at the trial, since they have not presented to the court except on this motion to settle the issues. But in order to give the defendant the benefit she may be entitled to by making the objections at this stage, I expressly state - that they are so made, and that I reserve them with the other questions of law involved in the issues, for the decision of the court on the trial.
On the point raised by defendant as to the framing of issues as to the recriminatory charges of adultery in the amended answer, it is to be observed that a reply was served to the original answer of the defendant, alleging adultery on the part of the plaintiff.
The defendant served an amended answer which alleged the same adulteries and. no others, and set up as additional or new matter, allegations as to the wealth, &c., of defendant.
The question is: Are the adulteries charged in the answers at issue, or should issues as to them be framed %
The action for divorce is undoubtedly governed, like every other action, by the provisions of the Code. It has been held in this district (J. W. B. v. F. D. B., 11 N. Y. Leg. Obs., 350), and not doubted in this court, that counter-charges of adultery might be set up in the answer, and affirmative relief prayed for, and this under subdivision 2 of section 149 of the Code. It *317 must be designated as a counter-claim, if it may be pleaded as the ground of affirmative relief. It was always a defense under the statute (2 Rev. Stat., 145, tit. 1, ch. 8, art. 3, § 42). ■
The Code defining issues, says that an issue of fact arises, first, upon a material allegation in the complaint controverted by the answer; second, upon new matter in the answer controverted by the reply (Code, § 250).
It would follow, therefore, that an issue does not arise upon allegations of adultery in the answer, unless a reply be interposed.
In Howard v. Mich. South R. R. Co., 3 Code R., 213, it was held that where an answer and a demurrer on one paper were served, and the plaintiff replied to the answer, and noticed the demurrer for argument, but the defendant served an amended answer, which was an exact copy of the original, except that the demurrer was left off, the plaintiff was not bound to serve a reply to the amended answer, the reply already served being sufficient.
But this was so decided on the ground that the answer was not in fact amended"; the court said “it certainly did not affect the question of fact joined in the case; it amounted to nothing . . . more than the service of a second copy of the answer. This certainly did not make it necessary for the plaintiff to serve his reply over again, and as the whole matter of the answer stands denied, the motion cannot prevail” (S. C., 5 How. Pr., 206).
It seems to me that in the present case the plaintiff was not required to serve a new reply, since all the issuable facts in the amended answer were contained in the original answer, and were replied to, and so far as they were concerned it was “ serving the same answer over again.”
In the case in 5 How. Pr., 206 (supra) the amended answer left off what could not be replied to, and in this *318 case the amended answer added what need not be replied to. The amendment is always without prejudice to the proceedings already had (Code, § 172), and this provision, which at the adoption of the Code was a new one, could not have effect, if the reply in this action were to be deemed to be superseded by the service of an amended answer, reiterating precisely the new matter already at issue, and setting up no new issuable defense.
I therefore consider the allegation of adultery in the answer as put in issue by the reply already served.
As to the motion to put the cause on the calendar for trial:
It is the opinion of the judges, so far as I have been able to consult them, that the issues of fact to be tried by the jury must be settled, before a notice of trial can be served.
An issue of fact in an action for divorce must be tried by a jury (Code, § 253), unless waived under section 266, or a reference be ordered by consent under section 270.
In all actions for divorce, when issue is joined Toy the pleadings, upon the question of adultery, such issue shall not be tried by á jury, until the issue to be tried shall be settled in like manner as in other actions where issues arising out of the pleadings are required to be settled (Rule 40).
The manner of settling the issues is provided for in the same rule, viz: on ten days’ notice of special motion, &c., and in the form prescribed by section 72 of the Code.
The latter section, requiring an order for the trial to be made in such order, shall be the only authority necessary for a trial.
Before such order is made the parties have no authority for the trial, and it is not easy to understand how a notice of trial can be given of a trial of the issues by the jury without such order.
*319 My view of the practice, is that the issues should be settled and then the notice of trial given ; and that I have no authority to order the cause, now to be placed on the calendar. Under rule 40 a reference will be ordered to settle the issues, as the number of distinct issues raised on the complaint and answer is very great, and will involve much labor.
I do not consider that on such reference, either party will be confined to those stated in the notices served on this motion (Farmers’ & Mechanics’ Bank v. Joslyn, 37 N. Y., 353).
The referee will settle the issues arising upon, the complaint, answer and reply.
Motion to order cause on calendar, to file note of issues, &c., denied.
No costs to either party.