24  265
25ap516

MAXIMILIAN FLEISCHMANN AND CHARLES FLEISCH-MANN, SURVIVORS, ETC., APPELLANTS, v. EMIL STERN, RESPONDENT.

*Representations that a note is a business note — when a party making them is estopped from pleading usury as against one receiving the note in payment of an account — right to recover for goods for which such a note was given.*

The complaint in this action alleged that the respondent, being indebted to the plaintiffs for goods sold, delivered to them a promissory note made by Z. Stern & Co., and indorsed and guaranteed by the respondent. It then alleged the non-payment and protest of the note and demanded judgment for the amount due thereon. The defense was that the note was made for the accommodation of the respondent and discounted by the plaintiffs at a usurious rate of interest. Upon the trial the court refused to allow the plaintiffs to show, that at the time the note was delivered to them the respondent stated

and representated that the note was a business note, given by the makers to him for bills receivable.

*Held,* that the court erred in excluding the evidence, as such representation would, if proved to have been made, have estopped the respondent from disputing the validity of the note.

That in any event the plaintiffs were entitled to recover the value of the goods, sold and delivered to the respondent, for which the note was given.

APPEAL from a judgment in favor of the defendant, entered upon a verdict directed at the Circuit, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The action was brought upon a promissory note made by the firm of Z. Stern & Co. to the order of Emil Stern, who had indorsed the same and guaranteed the payment thereof, upon transferring it to the plaintiffs. Emil Stern alone defended, and succeeded on the trial. A separate judgment was entered in favor of the plaintiffs against the makers of the note, an order of severance having been made.

*C. Bainbridge Smith,* for the appellants.

*A. R. Dyett,* for the respondent.

DAVIS, P. J. :

By the default of the respondent's co-defendants, and the judgment entered thereupon, and the order of severance pursuant to section 456 of the Code, this action is to be treated as though the respondent had been sued alone. The complaint alleges that the respondent, being indebted to the plaintiffs for goods and merchandise in the sum of about $1,000, delivered to the plaintiffs therefor a promissory note of Z. Stern & Co., a copy of which note is set out in the complaint, and that the respondent thereupon indorsed and guaranteed the payment of the note ; that when the note became due it was presented at the place where it was payable and payment duly demanded and refused, and thereupon the note was protested and the respondent duly notified. It then alleged that there was due and owing to the plaintiff on the note the sum of $1,000, and interest from the 16th of January, 1878, and proceeded to demand judgment for the sum of $1,000 with interest. The answer admits,

by the absence of denial, the several allegations of the complaint. It sets up as a defense to the note that it was made by Z. Stern & Co. without any consideration whatever, for the accommodation of the respondent, and that the respondent indorsed and delivered the same upon a usurious agreement, under which the plaintiffs are alleged to have discounted the note at a greater rate than seven per cent per annum, wherefore the respondent insists that the note was usurious and void. On the trial the respondent, having the affirmative under the pleadings, put in evidence and proved the account of the plaintiffs against him for goods sold and delivered amounting to $941.92, and that the note of Z. Stern & Co. was discounted by the plaintiffs by the application of the same as a credit upon said account at a discount of nine per cent for interest thereon for the time the note had to run; that the amount of the account was $942.92, and that the proceeds of the note at such discount were $977.75, leaving a balance in favor of the respondent over and above the account of thirty-five dollars and eighty-three cents, for which he was then credited in the books of the plaintiffs, and that subsequently that balance was applied in part payment of another bill of goods sold to him by the plaintiffs.

It was shown that the note was in fact accommodation paper for which the makers received no consideration. On the part of the plaintiffs, evidence was given tending to show that the note was represented by the respondent as business paper given by the makers to him for bills receivable then delivered by the respondent to them.

At the close of the testimony the court ruled that there was no question of estoppel to be submitted to the jury, the respondent having assented to the direction of a verdict for the plaintiffs for thirty-five dollars and eighty-three cents and interest, which was the balance credited to him and subsequently applied as aforesaid. To this ruling the plaintiffs excepted. The plaintiffs asked the court for a direction that they were entitled to a verdict for the amount or value of the goods sold; and the plaintiffs also asked to go to the jury on the question as to whether the respondent represented to the plaintiffs, at the time the note was discounted, that it was a business note. Both these requests were overruled and due exceptions taken.

The court then directed a verdict for the plaintiffs for thirty-nine dollars and sixteen cents. Afterwards, upon due notice, a motion was made upon the grounds specified in the notice for a new trial upon the minutes of the court. The motion was afterwards heard and denied, and an appeal is taken from such denial.

The court held that there was no room for the application of the doctrine of estoppel in this case, because the existing indebtedness of the plaintiffs could not be considered as an advancement in reliance upon the representations of the respondent. This ruling was based upon *Payne* v. *Burnham* (62 N. Y., 69) where the court held that the payment of a part of the purchase money on the usurious sale of a mortgage, which had been paid before any representation as to the character of the mortgage had been made, could not be considered as having been induced by the representations and, therefore, was not affected by the doctrine of *estoppel in pais*. That case is not however an authority for the ruling of the court below, for it does not hold that a representation as to the character and validity of a note payable *in futuro*, which is delivered and received to apply upon a prior indebtedness, and which operates of necessity as a payment *sub modo* of such indebtedness until the maturity of the note, cannot be an estoppel against the allegation of usury. What the party who makes the representation gains, and induces the other party to part with, is the extension of the time of payment; for it is settled that a party receiving such a paper, though it be usurious, cannot avail himself of that fact to enforce the original indebtedness until after the instrument matures, or until it be repudiated as usurious by its makers or indorsers. *Billington* v. *Wagoner*, 33 N. Y., 31, and cases there cited.) The respondent, therefore, in this case, assuming that the representations claimed by the plaintiffs were in fact made, gained, according to these authorities, the absolute right to insist that the original indebtedness to the plaintiffs on the account was extinguished or its payment extended until the note should become due and be dishonored; and having secured to himself and enjoyed the benefits which were according to the authorities a valuable consideration, it is difficult to see why the doctrine of estoppel ought not to prevent him from asserting the falsity of the representations by which he accomplished that purpose.

But, whether this be so or not, we think the case was clearly one in which upon the facts before the court the plaintiff was entitled to recover the amount of his account for goods sold and delivered. He had set out the indebtedness upon the account in his complaint, and the facts in respect of the giving of the note for that indebtedness, and the non-payment of the note at its maturity, and he demanded judgment for a sum about the same as the amount stated in the complaint; and the respondent, in making his alleged defense, established the fact that such an account actually existed and was owing, and that the note was delivered and applied upon the account, and other facts upon which the court held that the note was usurious and void. There was enough therefore before the court, assuming that the rulings were right in the exclusion of the estoppel, to have justified and required the court to direct a verdict for the amount of the account. We think the cases go fully far enough to uphold such a ruling, and, as the action had by the severance become one solely between the plaintiffs and this defendant, who was the original debtor, there was no difficulty in our judgment if an amendment of the complaint were deemed necessary, to have directed it upon the spot, so that the plaintiffs could recover, upon the averments and proofs, what they clearly were entitled to receive from the defendant, to wit, the amount of their account. The cases on this subject are numerous and would, in our judgment, have upheld such a ruling upon the part of the court. (*Farm. and Mech. Bk.* v. *Joslyn,* 37 N. Y., 353; *Gerwig* v. *Sitterly,* 56 id., 214; *Jagger Iron. Co.* v. *Walker,* 76 id., 521; *Patterson* v. *Birdsall,* 64 id., 294; *Cook* v. *Barnes,* 36 id., 520; *Winsted Bank* v. *Webb,* 39 id., 325; *Hill* v. *Beebe,* 13 id., 556; *Conlan* v. *Wood,* 6 Weekly Dig., 379; *Rice* v. *Welling,* 5 Wend., 595, 597.)

The judgment must be reversed and a new trial ordered, with costs to abide the event.

BRADY, J., concurred.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.