HENRY CAMPBELL, Respondent, *v.* WILLIAM CAMPBELL,. Appellant.

*N. Y. Supreme Court, Fifth Department, General Term, April* 12, 1889.

*Amendment.—Power of Court.*—The power conferred upon the court in the matter of amending pleadings, is largely discretionary,. and is to be exercised freely and liberally in the furtherance of justice.

2. *Same. Foreclosure.*—An amendment setting forth, in substance, that. the mortgage, to foreclose which the action is brought, was given. to secure moneys, which were used, at the mortgagor's request in payment of a judgment of foreclosure and sale obtained in an action to foreclose a prior mortgage on the same premises, and asks that the plaintiff be adjudged the equitable assignee of that judgment, etc., alleges a good, and not an inconsistent, cause of action, and such as will enable plaintiff to enforce the judgment as an equitable assignee, in case the foreclosure of his mortgage is defeated, and is properly allowed.

3. *Same.*—A court will not, upon an application to amend a pleading, determine whether the proposed amendment sets forth a cause of action or defense, unless it conclusively appears that the amendment, if granted, can be of no possible avail to the party asking it.

4. *Framing issues.*—A court of equity ought to frame such issues, as will enable the plaintiff to obtain the relief he seeks, if the evidence at the trial shall establish the truth of his allegations.

Appeal from a special term order granting leave to plaintiff to serve an amended complaint.

*Frank W. Brown*, for appellant.

*Knight & Barnes*, for respondent.

ADAMS, J.—The power given to the court in the matter of amending pleadings, is largely discretionary and the very language of the Code implies that it is to be exercised freely and liberally in futherance of justice. Code Civil Procedure, section 723. Giving to the section cited this interpretation, the court below saw fit to grant to the plaint-

iff leave to amend his complaint by setting up facts consti-
tuting, as it is claimed, a new cause of action.

The amendment thus allowed sets forth in substance that
the mortgage, to foreclose which this action is brought, was
given as security for moneys which were employed in the
payment, at the mortgagor's request, of a judgment or
decree of foreclosure and sale obtained in an action to fore-
close a prior mortgage upon the same premises, and asks
that the plaintiff be adjudged the equitable assignee of that
judgment, and, as such, allowed to enforce the same in case
he fails to establish the execution of the mortgage in suit,
the excution of which is denied by the defendant, William
Campbell, the mortgagor.

The motion was resisted at special term, upon the ground
that the amendment asked for would permit the plaintiff to
join two inconsistent causes of action, and upon the further
ground that it would not, if allowed, set forth a good cause
of action.

The policy of the law is to encourage the joinder of two
or more causes of action arising out of the same transaction
(Code Civil Proc., § 484) ; and no adequate reason has been
furnished by the defendant for a departure from that policy
in this case.   If the facts set forth in the proposed amend-
ment constitute two causes of action, they certainly arose
out of the same transaction, and it is difficult to see in what
respect they are inconsistent with each other, inasmuch as
the relief demanded is designed simply to meet the facts as
they shall be established upon the trial.

It is claimed by the defendant, Campbell, that he did not
execute the mortgage in suit, although it appears to have
been executed by him, and is conceded to have been exe-
cuted for his benefit, and as security for moneys which were
paid out by the plaintiff, at his request.   It follows there-
fore, that a court of equity ought to frame such issues as
will enable the plaintiff to obtain the relief he seeks, if the
evidence, at the trial, shall establish the truth of his allega-

tions. Farmers and Mechanics' Bank *v.* Joslyn, 37 N. Y. 353 ; The New York Ice Company *v.* The Northwestern Ins. Co. of Oswego, 23 id. 357.

The court will not, as a general thing, undertake to determine upon an application for leave to amend a pleading, whether the proposed amendment · sets forth a cause of action or defense, which can be finally maintained or established, unless it be made to appear conclusively that the amendment if granted, could be of no possible avail to the party asking it.   Muller *v.* Muller, 21 W. D. 287 ; Mitchell *v.* Allen, 25 Hun, 543.

This would seem to render unnecessary any extended examination of the question raised by the second ground of defendant's objection, for it is by no means clear that the plaintiff does not set forth a good cause of action in the amendment asked for.

On the contrary, we think that his cause of action, which is designed to enforce a judgment, is not barred by the statute of limitations (Code of Civ. Pro., § 376), and that if he establishes the same by evidence, he will place himself in the position of an equitable assignee of that judgment, and, as such, be entitled to enforce the same.   Patterson *v.* Birdsall, 64, 294 ; Gerwig *v.* Sitterly, 56 id. 214.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

DWIGHT, J., concurs ; BARKER, P. J., not sitting.