ELIZABETH P. McCRANEY and JOHN COPE, Jun. adm'r, &c. of John McCraney, deceased, *vs.* JULIUS T. ALDEN.

Where a mortgage on lands in Wisconsin and the bond accompanying the same, executed in New York, were alleged to be usurious, *held* that a party asserting the validity of the securities was bound to prove what the statutes of Wisconsin respecting usury were, at the time the securities were executed, or abide the presumption that such statutes were in accordance with our own.

Had such bond and mortgage been executed in Wisconsin, perhaps the presumption would have been that they were valid. But, being for $1000, upon a loan of only $900.; *Held* that they were void by the common law; and that, having been given in New York, it was for a party asserting their validity to show that the statutes of Wisconsin authorized the lender to take a bond and mortgage for $1000, upon a loan of only $900.

If a bond and mortgage are usurious and void, a subsequent bond and mortgage, for which the former securities constitute the greater portion of the consideration, will also be usurious and void.

When mortgagors have proved, in an action for surplus moneys, that the mortgage was usurious and void as embracing, for a part of its consideration, a prior usurious bond and mortgage, that proof entitles the mortgagee to have that portion of the consideration of such mortgage which was a valid preexisting loan of money from him to the mortgagors, set off against their claim for the surplus money for which the action was brought.

THIS action was tried at the Otsego circuit, in June, 1865, when, by direction of the court, the jury rendered a verdict in favor of the plaintiffs for $1669.70. The defendant made a

McCraney *v.* Alden.

case, containing the exceptions he took on the trial, which exceptions the judge directed to be heard at the general term in the first instance, and suspended judgment in the mean-time.

*L. L. Bundy,* for the plaintiffs.

*Sturges & Countryman,* for the defendant.

*By the Court,* BALCOM, J.   The defendant had a mortgage which was executed by John McCraney and Elizabeth P. McCraney on a piece of land, owned by them, in the county of Otsego, and on a foreclosure of that mortgage, by advertisement under the statute, the land was sold, and the defendant purchased it, he being the highest bidder therefor. This action was brought to recover the surplus of the defendant's bid for the land over and above the amount of that mortgage and the costs of foreclosing the same.   And the plaintiff recovered the full amount of such surplus with interest thereon.

The defense was that the mortgagors were indebted to the defendant, over and above the mortgage that was foreclosed, for money he had lent them, and in the sum of $1669, and interest thereon on a mortgage which the plaintiffs executed to him on the above mentioned land after they had given him the mortgage which he foreclosed.   The plaintiffs claimed that the junior mortgage for $1669, was usurious and void. This mortgage was given for money which the defendant lent to the mortgagors who were the original plaintiffs in the action, and for a mortgage of $1000, that was executed by Mrs. Elizabeth P. Baker to the defendant on lands in the state of Wisconsin, which he assigned to John McCraney after the latter married Mrs. Baker.   It was alleged that this $1000 mortgage was given upon a corrupt and usurious agreement for $1000, when the defendant only lent the mortgagor the sum of $900, and that by including the full amount of this

mortgage in the one for $1669, the latter was made usurious and void.

The main question in the case is whether the mortgage for · $1000 on lands in the state of Wisconsin was tainted with usury or was given pursuant to an usurious agreement. It was executed at Oneonta in this state by Elizabeth P. Baker, before she married John McCraney. They were the original plaintiffs in the action, and the former is yet one of the plaintiffs, and the administrator of the latter is now the other plaintiff. Mrs. Baker came from Wisconsin to Oneonta a short time previous to the day she executed the $1000 mortgage to the defendant. She received only $900 of the defendant for this mortgage. The $1000 mentioned in it ·was payable two years from the date thereof, with interest annually; but at what per cent of interest was not stated; nor was any place for the payment of the principal or interest, mentioned in the mortgage or the bond that accompanied it. But the proof clearly showed they were usurious according to the laws of this state.

No evidence was given to show that this mortgage, or the bond that accompanied it, was not 'valid according to the laws of the state· of Wisconsin. And it is probable both were valid in that state, and that they could have been enforced there. (*See Fisher* v. *Otis*, 3 *Chand. Wis. Rep.* 83.) But we are not at liberty to ascertain whether the statutes of Wisconsin authorized the defendant to take this mortgage for $1000 and interest when he parted with only $900 for it. What the statutes of that state respecting usury were, when this bond and mortgage were executed, was a fact the defendant was bound to prove, or abide the presumption that such statutes were in accordance with our ·own. (*Monroe* v. *Douglass*, 1 *Seld.* 447. *Pomeroy* v. *Ainsworth*, 22 *Barb.* 118. *Leavenworth* v. *Brockway*, 2 *Hill*, 201. *Thatcher* v. *Morris*, 1 *Kern.* 437. *See Holmes* v. *Broughton*, 10 *Wend.* 75; *Seymour* v. *Sturgess*, 26 *N. Y. Rep.* 134.) If this mortgage and the bond that accompanied ·

it had been executed in Wisconsin, perhaps the presumption would have been that they were valid. (*City Savings Bank* v. *Bidwell,* 29 *Barb.* 325.) But they were void by the common law, (*Ord on Usury,* 3 ; *Blydenburgh on Usury,* 1 ;) and having been given in this state, it was for the defendant to show that the statutes of Wisconsin authorized him to take them for $1000 for a loan of only $900.

The mortgage and bond for $1000 being usurious and void, rendered the bond and mortgage that were subsequently given for $1669 also usurious and void, as the amount of the former constituted the greater portion of the consideration for the latter. Whether the validity or invalidity of the bond and mortgage that were given for $1000 should have been determined by the statutes of Wisconsin if they had been proved, see *Chapman* v. *Robertson,* (6 *Paige,* 627 ;) *Hosford* v. *Nichols,* (1 *id.* 220 ;) *Hull* v. *Wheeler,* (7 *Abb.* 411 ;) *Goddar* v. *Sawyer,* (9 *Allen,* 78.) The Supreme Court of Massachusetts held, in the case last cited, that the validity of a mortgage of land in that state is to be decided by the laws of that state, although both parties to it reside in another state.

More than $500 of the consideration of the mortgage for $1669 was originally a valid loan to the mortgagors, and the question arises whether the defendant was not entitled to have the same set off in this action, notwithstanding the fact that he subsequently included it in the $1669 mortgage which was void because the $1000 usurious mortgage was a part of the consideration for which that mortgage was given.

It is settled that the defendant could not have proved the mortgage for $1669 was tainted with usury and therefore void, against the objection and wishes of the mortgagors, for the purpose of recovering the portion of the consideration of that mortgage which was a valid pre-existing debt due from the mortgagors to the defendant. (*LaFarge* v. *Herter,* 5 *Seld.* 241.) But when the mortgagors proved that that mortgage was usurious and void, it entitled the defendant to

have. that portion of the consideration of such mortgage which was a valid pre-existing loan of money from him to the mortgagors set off against their claim for the surplus money for which the action was brought. (*Hughes* v. *Wheeler*, 8 *Cowen*, 77. *Rice* v. *Welling*, 5 *Wend*. 595. *Crippen* v. *Heermance*, 9 *Paige*, 211. *LaFarge* v. *Herter*, 11 *Barb*. 168.)

If the evidence shows that the above mentioned pre-existing loan was made by the defendant to Mrs. McCraney for her sole benefit, the amount of the same, with interest thereon, is, notwithstanding, a proper set off in this action, for the reason that her husband, John McCraney, has died, and she is entitled, as survivor, to continue the action for her sole benefit. (*See* 2 *Kent's Com.* 9*th ed.* 114, 115, 129, 130. 4 *id.* 401. 1 *Bright on Husband and Wife*, 45, 61, 62, 63, 67, &c.)

It follows that the court erred in directing the jury to find a verdict in favor of the plaintiffs for the entire sum of surplus money for which the action was brought.

It may be said that the attention of the court was not specifically called to the allegations in the answer that the plaintiffs were indebted to the defendant for money lent and advanced by him to them, &c. and that the court was not specifically requested to hold that the defendant was entitled, upon the evidence, to have that portion of the consideration of the usurious mortgage which was a valid pre-existing debt due from the mortgagors to the defendant, set off against the plaintiffs' demand. But this is a hard action, so far as it defeats the defendant's claim upon his mortgage for $1669, and his counsel excepted to the direction of the court to the jury to find a verdict in favor of the plaintiffs for the full amount of their claim. This direction prevented the jury from allowing the defendant any set off whatever; and the decision of the Court of Appeals in *Martin* v. *Cope*, (28 *N. Y. Rep.* 180,) justifies us in holding such direction erroneous and the exception thereto valid.

McCraney *v.* Alden.

It is proper that we should pass upon two points made by the defendant's counsel, not yet noticed. The first is, that the sale and conveyance by Mrs. McCraney, (who executed the mortgage for $1000,) of two hundred and forty acres of the land in Wisconsin included in that mortgage, to Huntington, "subject to the payments, conditions and agreements specified and contained in" such mortgage, and the retention by Huntington of so much of the purchase money mentioned in the deed to him as was necessary to pay and satisfy that mortgage, was a ratification by Mrs. McCraney of its validity, and a specific appropriation of that portion of such real estate to its payment, and created a valid lien to the amount of such mortgage, upon that land in favor of the mortgagee or his assignee, who was John McCraney.

Granting that the owner of that mortgage could have enforced it against the above mentioned two hundred and forty acres of land, included in the same, it does not follow that the usurious consideration for which it was given furnishes an incontestible consideration for the subsequent mortgage for $1669, when an attempt is made to enforce the covenants in the latter and also in the bond that accompanied it, against the mortgagors personally. The covenants in this mortgage, and also in the bond that accompanied it, have not been freed of the taint of usury, and they remain as invalid as they were before the defendant assigned such mortgage and bond to John McCraney.

The second point, to which reference has been made, is that the assignment of the mortgage for $1000 by the defendant to John McCraney, and the taking in part consideration therefor, of the subsequent mortgage for $1669 from the latter and his wife, so changed the relations of the parties to the former mortgage that Mrs. McCraney could not allege that such mortgage made the consideration of the other and subsequent one usurious and void. The decisions in *Bearce* v. *Barstow*, (9 *Mass. Rep.* 45,) *Jackson* v. *Henry*, (10 *John.* 185,) and other kindred cases, do not sustain this

proposition. Mrs. McCraney executed the second mortgage, as well as the first, and the fact that her husband was not a party to the first, but executed the second, does not purge the latter of the usurious taint brought into it from the former. And the defendant can not have the benefit of the mortgage for $1669 in this action, unless he can enforce it personally against Mrs. McCraney, as well as her husband.

We must therefore hold that these last two points of the defendant's counsel are untenable.

But a new trial should be granted for the error of the court in directing the jury to find a verdict for the plaintiffs for the full amount of surplus money claimed by them.

New trial granted.

[BROOME GENERAL TERM, May 8, 1866. *Parker, Mason, Balcom* and *Boardman,* Justices.]