## C. BAINBRIDGE SMITH *v.* WILLIAM HEATH AND ANOTHER.

A stockbroker agreed with his customer to carry certain stock for him on the latter's agreement to repay whatever rate of interest the broker might be obliged to pay to obtain the money for that purpose. The broker was obliged to pay a usurious rate of interest for the money, and charged the same to the customer. *Held,* that as between the broker and his customer, this did not amount to an exaction of usury, so as to avoid the transaction between them. In such a case, the broker acts merely as the agent of his customer, and not as a principal.

A promissory note was given in payment, in part, of a valid loan of money, and, in part, of an amount of usurious interest, exacted under another agreement disconnected with the loan. *Held,* that the valid loan, constituting part of the consideration of the note, not being affected by any suspicion of usury, was not discharged, and that the only relief to which the maker was entitled against the note was an abatement of so much of the amount thereof as was made up of the usurious interest.

*Held,* therefore, that to entitle the maker to an injunction against the prosecution of the note, in an action brought for that purpose, he must offer to pay so much of the note as constitutes the original valid indebtedness. Asking equity, the plaintiff should do equity.

APPEAL from an order denying a motion for a preliminary injunction.

This action was brought by the plaintiff against the defendants, who were stockbrokers, doing business under the name of William Heath & Co., to prevent them from prosecuting an action against him in the State of Vermont, and from selling plaintiff's property in that State.

A motion for a preliminary injunction, made at special term, was denied, and the following opinion rendered, in which the facts are stated.

ROBINSON, J.—The pleadings and affidavits disclose these facts: that the defendants are stockbrokers, in the city of New York, under the name of Wm. Heath & Co., and on May 25th, 1869, on request of plaintiff, they received from Brown & Co. 600 shares Mariposa stock, at $45 per share, amounting, in the

aggregate, to $27,000, which they paid for, agreeing, upon a deposit by him of $8,000 margin, to carry the same for sale on his account. The difference of $19,000 they allege they borrowed on his account. This transaction appears to have been merely one between *principal and broker*, and there seems to be no reason for imputing to it any other character. The defendants continued to carry this stock for him until June 4th, 1869, when they sold 300 shares, and on 29th December, they sold the other 300 shares, and, on settlement of accounts between the parties, on that day, a balance of $5,403$\frac{28}{100}$ was found due defendants, for which the note (the prosecution of which is sought to be enjoined) was given. No extra interest beyond seven per cent. is pretended to have been claimed or exacted by defendants, until June 30th, 1869, when, on notice, they claimed extra interest, as " being the rate paid by us (defendants) for money." And from that time until the settlement, in December 29th, 1869, they, from time to time, and with plaintiff's concurrence, charged him on account, sums for extra interest, claimed to have been paid by them for procuring the loan of money to enable them to carry his stock. These claims he acceded to, and their total amount is $437$\frac{12}{100}$.

The original transaction involved the advance by defendants of $27,000 for account and benefit of the plaintiff, and no intimation or agreement for extra interest was suggested till a month after it was made.

There can be no doubt that each party to the original transaction had a right to put an end to it, on reasonable notice to the other; that it was not one for the mere loan or forbearance of money, or to conceal such a transaction under the form of brokerage; and that the defendants being mere agents, burthened with personal obligations which had been assumed by them for or on behalf of their principal, had a right to claim, as a condition for the continuance of their relations, not only that such exactions or liabilities as they were compelled to pay or assume for further indulgence in his business should be adopted by him, but could also exact such compensation, even under the name or in form of additional interest, for their care and responsibility in executing his business, as they chose to demand, and

if such claim was acceded to, as by the giving of a note there-for, it became perfect as a legal obligation.

In the present case, it is manifest the original loan or advance was unaffected by any suspicion of usury, and the subsequent exaction of extra interest, in the course of the dealings between the parties for the further carrying of stock, even if it had been usurious, did not discharge the original debt, or entitle the plaintiff to any relief, except to an abatement of $437\frac{12}{100}$ (the amount claimed to constitute such usurious interest) from the amount of the note given on final settlement (*Winsted Bank* v. *Webb*, 39 N. Y. 325; *Farmers and Mechanics' Bank* v. *Joslyn*, 37 N. Y. 353; *Carson* v. *Ingalls*, 33 Barb. 657).

In my opinion, no usury can be predicated upon the transaction, but were this otherwise as to the extra interest, the right to the recovery of amount due upon the original loan, excluding this alleged usurious interest, is clear.

Plaintiff claims an injunction against the prosecution of the note in the State of Vermont, without any offer to pay what is justly due on the original indebtedness. Asking the interference of a court of equity, he should have offered to do equity (*Campbell* v. *Morrison*, 7 Paige, 157; *Fanning* v. *Dunham*, 5 John. Ch. 122).

For these reasons the injunction is denied, with $10 costs.

From the order denying the motion for a preliminary injunction, the plaintiff appealed to the court at general term.

*C. Bainbridge Smith*, appellant, in person.

*Augustus F. Smith*, for respondents.

By THE COURT.*—LARREMORE, J.—The judge, in his decision of the motion from which this appeal is taken, has characterized the transaction between the parties as "merely one between principal and broker." Such a conclusion is justified by the papers read on the motion. The moneys advanced by defendants to carry the stock in question, were borrowed by them at the request and for the use of the plaintiff, and the ex-

---

* Present, DALY, Ch. J., LARREMORE and J. F. DALY, JJ.

tra rate of interest charged and paid therefor, in no way inured
to the benefit of the defendants. They discharged (by plaintiff's
direction) obligations which he had assumed or incurred, and
were entitled to payment of the amount thus disbursed. All
the transactions in reference to the charge and payment of such
extra interest were had and conducted, not as between the
plaintiff and defendants, but between third parties and the de-
fendants as agents of the plaintiff. He agreed to pay such
extra interest, and may be said to have borrowed from the de-
fendants the amount necessary for that purpose. I cannot find
in such a proceeding any violation of the statute against usury.
But if this view be incorrect, the holder of the note is entitled
to recover the amount of the original indebtedness for which it
was given, exclusive of the amount alleged to be usurious
(*Farmers and Mechanics' Bank* v. *Joslyn*, 37 N. Y. Rep. 353;
*The Winsted Bank* v. *Webb*, 39 N. Y. Rep. 325; *Carson et al.*
v. *Ingalls*, 33 Barb. 657).

The order denying the injunction was properly made, and
should be affirmed.

Order affirmed.