## Case No. 10,038.

NATIONAL BANK OF MADISON v. DAVIS et al.

[8 Biss. 100; 6 Cent. Law J. 106; 5 Reporter, 258; 1 Thomp. Nat. Bank Cas. 350; 10 Chi. Leg. News, 156.] [1]

Circuit Court, D. Indiana. Oct., 1877.

USURY—RENEWAL NOTE—AMOUNT RECOVERED—STATUTE OF LIMITATIONS—NATIONAL BANK.

1. Where a national bank discounts a note, reserving a usurious rate of interest, and the borrower gives a new note in renewal at legal interest, the bank is entitled to recover the amount of the renewal note, with interest, less the amount of the usury reserved on the original discount, credited as of that date.

[Cited in Hill v. National Bank of Barre, 15 Fed. 433.]

2. Usury, paid more than two years before the commencement of the suit, cannot be recovered nor credited upon the principal of the note.

Assumpsit on a promissory note. The plaintiff, on the 19th of May, 1869, for the defendants, Jacob Davis [and others] discounted his note for $3,000 at four months, with two indorsers, at the rate of 12 per cent. per annum, paying Davis the proceeds less $128.50, the interest reserved. There were divers renewals of this note, each renewal being for the full amount of the principal, Davis actually paying the interest in advance, the bank reserving nothing out of the proceeds of the discount. The indorsers were accommodation indorsers, and there were different indorsers upon different renewals. In 1873, Davis paid $700 on the principal, thus reducing his loan to $2,300, for which sum four different renewal notes were given. On December 9, 1873, Davis paid on one of these renewals 12 per cent. interest in advance. This was the last usurious interest paid. From that date the plaintiff received only legal interest at the rate of 10 per cent. per annum. On April 1, 1875, Davis renewed his loan by giving his two notes for like amounts, maturing

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 5 Reporter, 258, contains only a partial report.]

at different dates, and the note sued on was given in renewal of one of these notes.

C. E. Walker and C. L. Holstein, for plaintiff.

Herod & Winter, for defendants.

Before DRUMMOND, Circuit Judge, and GRESHAM, District Judge.

GRESHAM, District Judge. Section 30 of the national bank act (13 Stat. 108), approved June 3, 1864, reads as follows:

"Section 30. And be it further enacted, that every association may take, receive, reserve, and charge on any loan or discount made, or upon any note, bill of exchange, or other evidence of debt, interest at the rate allowed by the laws of the state or territory where the bank is located, and no more, except that where, by the laws of any state, a different rate is limited for banks of issue organized under state laws, the rate so limited shall be allowed for associations organized in any such state under this act. And when no rate is fixed by the laws of the state or territory, the bank may take, receive, reserve or charge a rate not exceeding seven per centum, and such interest may be taken in advance, reckoning the days for which the note, bill or other evidence of debt has to run.

"And the knowingly taking, receiving, reserving or charging a rate of interest greater than aforesaid shall be held and adjudged a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon. And in case a greater rate of interest has been paid, the person or persons paying the same, or their legal representatives, may recover back in any action of debt, twice the amount of the interest thus paid, from the association taking or receiving the same: provided, that such action is commenced within two years from the time the usurious transaction occurred. But the purchase, discount or sale of a bona fide bill of exchange, payable at any other place than the place of such purchase, discount or sale, at no more than the current rate of exchange for sight drafts, in addition to the interest, shall not be considered as taking or receiving a greater rate of interest."

If a national bank discount a note at a usurious rate of interest, paying the borrower the proceeds less the interest, and suit be brought to recover the loan, and the borrower plead the usury, the bank will recover the face of the note less the entire interest taken out, received or reserved, and no more. It will thus collect the sum of money it actually paid out, being punished for receiving interest in excess of the legal rate by forfeiting all interest. But if the note thus discounted be renewed for the same amount, the borrower paying usurious interest out of his pocket in advance, and suit be brought on the renewed note, the de-

fendant may recoup double the amount of the entire interest actually paid on renewal, or in an independent action of debt he may recover from the bank double the amount of the entire interest thus paid.

In either case the punishment of the bank is the same. In the latter case the bank forfeits double the amount of the interest paid, and yet recovers the amount it actually paid out, for it will be remembered the note sued on includes the amount of interest originally reserved. True, if the note be renewed in the same manner more than once, and the borrower be allowed to recoup, or in an independent action, recover double the amount of usurious interest paid, the bank will lose part of the principal as well as all of the interest. But forfeiture of double the entire interest paid is barred after the lapse of two years.

If, instead of paying the usurious interest at each renewal of the loan, the same be added to the principal and included in the renewal notes, the bank, if the usury be pleaded, will recover the amount it originally paid to the borrower; that is to say, it will recover the amount of the last of the renewal series sued on; less all interest included in it.

Usury forfeited the entire loan or debt under the banking act of February 25, 1863 [12 Stat. 665]. This, congress thought, was too severe, and the act of 1864, with the exception already noticed, limits the forfeiture to the interest only.

In the case of Farmers', etc., Nat. Bank v. Dearing, 91 U. S. 29, the court say: "In the act of 1864 the forfeiture of the debt is omitted, and there is substituted for it the forfeiture of the interest stipulated for, if it had only been reserved, and the recovery of twice the amount when the interest had been actually paid."

The only forfeitures visited upon national banks, when they stipulate for or receive illegal interest, are those found in the banking act. They are not subject to any penalties or forfeitures contained in state statutes. Farmers', etc., Nat. Bank v. Dearing, 91 U. S. 29.

It is a familiar principle that forfeitures are never favored. All actual payments in excess of the legal rate were made more than two years before the defendant's plea of usury was filed, and, in fact, more than two years before this suit was brought. The plaintiff is entitled to recover the amount of the note in suit with interest, less $128.50, the interest reserved on the original discount, which is to be credited as of the date of the reservation, all other interest having been actually paid.