# Alves, Trustee, &c., v. Henderson National Bank.

### APPEAL FROM HENDERSON CIRCUIT COURT.

1. Taking of Usury by National Bank.—By virtue of act of Congress, if a national bank knowingly takes, receives, reserves or charges a greater rate of interest than that allowed by the laws of the State in which the bank is located, it forfeits the entire interest; and this is true as well of interest which accrues by operation of law, after the maturity of the debt, as of that which accrues by virtue of contract, before maturity, the act providing for a forfeiture of the interest which the note carries with it, or which has been agreed to be paid thereon.

*This case has been pending upon a petition for rehearing; and, for that reason, has not been reported sooner.

Alves, Trustee, &c., v. Henderson National Bank.

2. SAME.—Under the act of Congress, it is not necessary, in order to effect a forfeiture of the entire interest, that the agreement to pay usury should appear in the note, or that the agreement should be made simultaneously with the agreement to lend the money. Therefore, the agreement in a mortgage to pay usurious interest, although made after the maturity of the note, was sufficient to work a forfeiture of the entire interest, even if the charging of usurious interest before maturity did not work a forfeiture of the interest accruing after maturity, which the court holds it did.

JOHN YOUNG BROWN AND CLAY & BANKS FOR APPELLANTS.

1. The undenied allegations of appellants' pleadings show that the notes sued on bear or carry with them a usurious rate of interest, and, therefore, the judgment should be affirmed on the cross-appeal.

2. Appellee, by charging usury, forfeited the right to recover any interest whatever. (Revised Statutes of United States, secs. 5197, 5198; Barnett v. National Bank, 8 Otto, 555; s. c. 2 Brown's National Bank Cases, p. 18; First National Bank of Uniontown v. Stauffer, 2 Brown's National Bank Cases, p. 178; s. c. 1 Fed. Rep., 187.)

YEAMAN & LOCKETT FOR APPELLEE.

1. The burden of proof was upon appellants to show that the notes sued on contained usury, which they failed to do.

2. There is nothing in the statute relied on by appellants which forfeits interest *after maturity*. The statute annuls the *contract* for interest, where the rate stipulated for is usurious; but does not affect the interest that the note bears by operation of law. (Revised Statutes of United States, secs. 5197, 5198.)

The statute being penal in its nature, and out of harmony with our State statute upon the subject of interest, this court will give it a strict construction. (Newell v. National Bank of Somerset, 12 Bush, 59.)

This statute has been considered in the following cases: Tiffany v. National Bank, 18 Wall., 409; Farmers' National Bank v. Dearing, 91 U. S., 30; Barnett v. National Bank, 98 U. S., 555; Driesbach v National Bank, 104 U. S., 52; National Bank v. Johnson, 104 U. S., 271.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

To the action of the appellee, Henderson National Bank, against Reutlinger and others, on six promissory notes, each due and payable four months from its date, and each executed by said Reutlinger and others

to the appellee, the appellant, W. S. Alves, as trustee of said Reutlinger, &c., filed his answer, in which it was alleged, in substance, that said notes were executed for borrowed money; that, at the respective times said money was borrowed, the appellee, by an agreement with Reutlinger, &c., put so much of it to their credit, and retained the balance as interest for the next four months—the time that each note was to run; that the sum so retained out of each loan amounted to more than the legal interest thereon for the four months that each note was to run.

The reply of the appellee denied that it retained as much as the alleged sums as interest; but it did not deny that the respective sums were retained out of each loan. The bank, doubtless drawing a distinction between discount and interest, called these sums discount, and, therefore, denied that said sums were retained as interest; but the fact nevertheless existed that the sums were retained as compensation for the use of the money that it loaned to Reutlinger, and which, under the law, constituted interest. A simple calculation will show that each sum so retained amounted to a greater rate of interest than six per cent. on the sum from which it was retained. The answer also alleges that, after the maturity of said notes, Reutlinger, &c., agreed to pay to the bank eight per cent. interest on each note, from its maturity, until paid.

After the maturity of the notes, Reutlinger, &c., executed to the bank a mortgage on some real estate to secure the payment of them. In said mortgage, it was expressly agreed that eight per cent. interest was

to be paid on each note (the note itself being silent as to interest) from its maturity until paid; and the mortgage secures the payment of said sum.

The lower court abated the face of each note by the sum that the appellee retained thereon as interest, upon the ground that the sum so retained amounted to more than the legal rate of interest; and, by reason thereof, said sum was forfeited. But the court gave judgment for interest on each note, at the rate of six per cent. per annum, from the maturity of the note until judgment was rendered thereon.

From the latter part of the judgment Alves has appealed to this court; from the former part of the judgment the bank has taken a cross-appeal.

The conclusion is irresistible that the sum retained by the appellee, out of each note, amounted to more than six per cent. interest, which is the legal rate of interest in this State, both in reference to individuals and State banks, for the period from the date of the note until its maturity. It is clear that the excess over six per cent. was usurious, and that the appellee knew it.

Section 30 of the National Currency Act of Congress of the 3d of June, 1864, after prescribing that the national banks created under said act shall not charge a greater rate of interest than that allowed by the laws of the State or Territory where the bank is located, declares: "And the knowingly taking, receiving, reserving or charging a rate of interest greater than aforesaid, shall be held and adjudged to be a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been

Alves, Trustee, &c., v. Henderson National Bank.

agreed to be paid thereon; and, in case a greater rate of interest has been paid, the person or persons paying the same, or their legal representatives, may recover back, in any action of debt, twice the amount of interest thus paid from the association taking or receiving the same, provided such action is commenced within two years from the time the usurious transaction occurred."

It is held, in the cases of Tiffany v National Bank of Missouri, 18 Wall., 409; Farmers and Mechanics' National Bank v. Dearing, 91 U. S., 29; Barnett v. National Bank, 98 U. S., 555; Driesbach v. National Bank, 104 U. S., 52, that, under the act of Congress, *supra*, if a national bank knowingly takes, receives, reserves or charges a greater rate of interest than that allowed by the laws of the State or Territory in which the bank is located, such conduct shall be held and adjudged a forfeiture of the entire interest which the note, bill or other evidence of debt carries with it, or which has been agreed to be paid thereon, &c.

The perspicuity and directness of the clauses of said section leave no room to doubt as to their meaning. The courts that have passed upon them have had but little else to do, in order to evolve their meaning, than to recall and repeat their language.

Having determined that the sum retained as interest on each note, for the period of four months, amounted to more than six per cent. for that period, and that, by the laws of this State, the contract was usurious, it follows that the interest for said period at least was forfeited; and that the judgment of the lower court,

deducting the sum so retained from each note, must be affirmed on the cross-appeal.

But the appellee, the bank, contends that, as each note was silent as to interest from and after its maturity, the six per cent. interest that the same bore after maturity was by virtue of the law, and not by contract; therefore, the usurious interest that said notes bore, from their respective dates until the maturity, did not, under said act, forfeit the interest arising on the notes after maturity, by virtue of the law, and not by contract. The appellant, Alves, contends for the reverse of this proposition.

A scrutiny of the clauses of the section, *supra*, will show that the appellant's contention is correct.

To knowingly take, receive, reserve or charge a rate of interest greater than that allowed by the State law, shall be held and adjudged to be a forfeiture of the entire interest which the note, bill or other evidence of debt "carries with it, or which has been agreed to be paid thereon."

The expression, "carries with it," means any interest that the note, bill or other evidence of debt may carry by operation of law; for the next succeeding clause, to-wit, "or which has been agreed to be paid thereon," leaves no doubt as to the meaning of said expression. In many States of the Union, as was the case in this State at one time, there was, at the time of the passage of said act of Congress, a fixed rate of interest to be charged in the absence of contract; and, by contract, a greater rate of interest might be charged. It seems clear, therefore, that the expression, "carries with it," refers to such interest as the note, &c., may carry with-

out reference to any agreement; and that the succeeding clause refers to such conventional legal rate of interest as the parties may have agreed on, both of which shall be forfeited, if any usurious interest has been taken, received, reserved or charged.

Also, the language clearly means that if usury has been agreed to be paid for any part of the time that the note is entitled to run, or that it may, by indulgence, run, such agreement forfeits the entire interest that the note or bill carries with it; or, if the note or bill bears a conventional rate of interest, such as some States allow, and, in addition thereto, usury has been charged for any part of the time, such conventional rate of interest is thereby forfeited. The framers of the act of Congress under consideration doubtless understood that much of the business of the banks created by the act would consist of lending money secured by notes, &c., made due and payable, not exceeding four months from date, and, if need be, renewed from time to time; that the usurious contracts would relate to the time such notes were to run; and, in case of their renewal, so also would the usurious contracts be renewed. Hence, the act provides, in substance, that in case usury is taken, received, reserved or charged, the entire interest that the note carries, or that may exist by agreement, shall be forfeited.

The foregoing views accord with the case of First National Bank v. Stauffer, U. S. C. C., 1 Federal Reporter, 187-9.

In that case, the bank had received usurious interest for the time that the note was maturing; the question was, did that fact forfeit the interest accruing on the

note after its maturity? Judge McKennan, delivering the opinion of the court, held, in substance, that, according to the clause, *supra*, declaring the taking of usury a forfeiture of the entire interest that the note carries with it, the taking of usurious interest during the maturity of the note forfeited the interest accruing thereon after its maturity, as well as that accruing before its maturity.

But, if we are mistaken in reference to the forfeiture of the interest that accrued upon these notes, by virtue of the law, after their maturity, nevertheless the question is put at rest by the fact that it is expressly stipulated in the mortgage given to the appellee by Reutlinger to secure these notes, that eight per cent. interest was to be paid thereon from the maturity of each until paid. The bank accepted this agreement, which, under the laws of this State, leaving out of view the act of Congress, *supra*, was valid, and upon a sufficient consideration, except two per cent. thereof, which was usurious and invalid.

But, under the said act of Congress, it is not necessary, in order to effect a forfeiture of the entire interest, that the agreement to pay usury should appear in the note; or that the agreement should be made simultaneously with the agreement to lend the money. Were the law so construed, the effect would be to enable the bank to evade the law every day by reducing the usurious contract to writing on a separate piece of paper, or by making it after the contract to loan the money was entered into. So the agreement set forth in the mortgage to pay usurious interest being, as contended by counsel, collateral, and having been made after the ma-

turity of the notes, does not affect the question ; for the agreement to pay a legal rate of interest was as binding as the agreement to additionally secure the debt itself ; and the fact that the agreement was collateral did not change the agreed interest into principal. It was accruing every day as interest on the principal, and was, in fact and in law, interest, although expressed in the mortgage, and not in the notes ; and, as the agreement included usurious interest, it comes within the act of Congress, which forfeits the entire interest.

The judgment of the lower court is affirmed on the cross-appeal of the bank ; and the judgment on the appeal of Alves, trustee, is reversed ; and the case is remanded, with directions to disallow the interest on each note from its maturity until the judgment was rendered thereon.

* CASE 20—INFORMATION—NOVEMBER 27, 1888.