## ALLEN PERSON v. JOHN MATTSON.

### (156 N. W. 780.)

Suit to foreclose a mortgage securing notes for $4,000 bearing interest at 12 per cent, nonusurious on their face. In part these two notes were renewals of two prior notes of $356 and $966 with cash advanced sufficient to aggregate $4,000 for which the two notes were taken with security as one transaction. The $356 note contained a usurious charge of bonus of $45, and drew 12 per cent interest. No deduction for or purging of said usury was made by the parties when the $4,000 in notes were taken, but the usurious amount was included in them. Defendant pleads usury, and demands that all the interest on the $4,000 be forfeited and remitted under the usury statute.

The trial court deducted the interest on and bonus in the $356 note, but allowed interest on the balance of the $4,000.

*Held:—*

**Usury statute — promissory notes — mortgage — pleading usury.**

1. The principal of two notes aggregating $4,000 is tainted with usury through that contained in the $356 note entering into them as a portion of the purported principal of said notes.

**Usury — interest — forfeiture of — promissory notes — bills.**

2. The usury statute, § 6076, Comp. Laws 1913, providing that the taking of usury "shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it or which has been agreed to be paid thereon," mandatorily requires the penalizing of usury and the forfeiture of all the interest "agreed to be paid" on these two notes.

**Court of equity — usury — relief from — statutory penalty — enforcing.**

3. A court of equity should not relieve the usurer from the results of his contract for usury, but should enforce the statutory penalty for *exacting usury*.

**Note — usury — nonusurious — separation — renewal note — usurious— interest — allowance of.**

4. With usury proved in a note sued upon, a court cannot and should not separate the nonusurious from the usurious transactions incorporated by renewal into an usurious note, so as to allow interest on the nonusurious portion.

**Usurious contract — parties to — may purge it of usury — by agreement — court — law — equity — powers of — in such cases — after suit brought — defense of usury.**

5. The parties to an usurious contract themselves by agreement may purge it of usury, but a court of law or equity cannot do so after suit brought and after a defense of usury is interposed.

**Usury statute — national banking act — interest — discount — uniformity.**

6. Our usury statute was adopted from the national banking act governing taking of interest and discount by national banks, exempt in such respect from state laws; and was adopted to secure uniformity as to all banks, state and national, as to usury and penalty therefor. Federal decisions on usury are followed.

**Usurious interest — forfeiture of — statute — enforcement of — penalty.**

7. All usurious interest stipulated for should be forfeited. The usurious contract rate cannot be treated as invalid and not a contract for an interest rate, and interest at the noncontract rate of 6 per cent be allowed. To do so

would be to ignore and override the statutory penalty requiring forfeiture of all interest "agreed to be paid" on the notes.

Opinion filed February 4, 1916.

Appeal from the judgment of the District Court of Divide County, *Leighton,* J.

Modified, with costs on appeal to appellant.

*C. E. Brace* and *E. R. Sinkler,* for appellant.

In cases where usury has been charged and not paid, and the usurer brings an action upon his contract, the illegality of the contract may be alleged as a defense, and if established, the entire interest due upon the contract becomes forfeited, and no recovery can be had upon contract except the principal sum. Waldner v. Bowden State Bank, 13 N. D. 604, 102 N. W. 169, 3 Ann. Cas. 847; Grove v. Great Northern Loan Co. 17 N. D. 359, 138 Am. St. Rep. 707, 116 N. W. 345; Male v. Wink, 61 Neb. 748, 86 N. W. 472; Estey v. Capitol Invest. Bldg. & L. Asso. 131 Mich. 502, 91 N. W. 753; Tomblin v. Higgins, 58 Neb. 336, 78 N. W. 620; Arnold v. MacDonald, 22 Tex. Civ. App. 487, 55 S. W. 529; First Nat. Bank v. McCarthy, 18 S. D. 218, 100 N. W. 14; Exley v. Berryhill, 37 Minn. 182, 33 N. W. 567; Moncure v. Dermott, 13 Pet. 345, 10 L. ed. 193.

Where the taint of usury has once attached to a contract, it cannot be removed by the introduction of new elements of a purer nature. Marsh v. Robeno, 5 Phila. 190.

A note given in renewal of a usurious note is also usurious. El Paso Bldg. & L. Asso. v. Lane, 81 Tex. 369, 17 S. W. 77; McDonald v. Aufdengarten, 41 Neb. 40, 59 N. W. 765; Knox v. Williams, 24 Neb. 630, 8 Am. St. Rep. 220, 39 N. W. 787; Nelson v. Hurford, 11 Neb. 465, 9 N. W. 649; Walker v. Bank of Washington, 3 How. 62, 11 L. ed. 494; Judy v. Gerard, 4 McLean, 360, Fed. Cas. No. 7,571; Eslava v. Crampton, 61 Ala. 507; Bailey v. Lumpkin, 1 Ga. 392.

Where notes are tainted with usury their renewal and adding the usury into the notes will not free the renewal notes from the taint. House v. Davis, 60 Ill. 367; Rudd v. Planters' Bank, 78 Ky. 513; Smith v. Stoddard, 10 Mich. 148, 81 Am. Dec. 778; Grove v. Great Northern Loan Co. 17 N. D. 359, 138 Am. St. Rep. 707, 116 N. W.

345; Citizens' Nat. Bank v. Donnell, 172 Mo. 384, 72 S. W. 925; 195 U. S. 372, 49 L. ed. 239, 25 Sup. Ct. Rep. 49; Lockwood v. Muhlberg, 124 Ga. 660, 53 S. E. 92.

F. A. Leonard and D. C. Greenleaf, for respondents.

Where one of two separate and independent loans is usurious, the taint does not adhere to the other, although both were between the same parties, closed at the same time and secured by the same mortgage. Jackson v. May, 28 Ill. App. 305; 39 Cyc. 990, 996, 998.

If a new obligation is given in which are incorporated the original usurious indebtedness, the new obligation is not tainted with the original usury. German Ins. Co. v. Fabel, 24 Ky. L. Rep. 1721, 72 S. W. 329; McCraney v. Alden, 46 Barb. 272; 29 Am. & Eng. Enc. Law, 518; Citizens' Nat. Bank v. Donnell, 195 U. S. 369, 49 L. ed. 240, 25 Sup. Ct. Rep. 49; Rice v. Howland, 147 Mass. 407, 18 N. E. 229.

Goss, J. This is a suit in equity to foreclose a chattel mortgage securing two promissory notes of $2,000 each, bearing interest at 12 per cent per annum, nonusurious on their face. The appeal is taken upon the findings of fact, which accordingly are accepted as true. The only questions presented are those of law. The consideration for the notes sued upon consisted of two notes bearing 12 per cent interest, one for $356 and the other for $966, together with cash advanced sufficient to make the total of $4,000 at the time the notes in suit were taken. The $356 note was admittedly usurious, being a renewal of an earlier usurious note. The usury in the original note and the $356 note amounted to $45 over and above the 12 per cent per annum exacted. The $966 note was an independent transaction and free from usury. And except for the usury contained in the $356 note and interest thereon entering into the two notes for $2,000 each, said notes are nonusurious. The questions of law presented concern the effect of the usurious note upon said notes in suit. Plaintiff asserts that the $356 note should be treated as one transaction, and, from the total amount due on the $4,000 and interest at 12 per cent, there should be deducted the $45 bonus therein and all interest collected on the original $330 note and accrued on the $356 note, and a pro rata deduction of 12 per cent interest on the amount of the $356 included in the $4,000 transaction, altogether amounting to a deduction of $218.35 from the face and interest of the two $2,000 notes, and that foreclosure be had for the balance of the principal and interest

on said notes. And this was the relief granted by the trial court. The appellant claims that, by including the usurious note for $356 in and as a part of the consideration of the notes for $4,000 given as one transaction, both of said $2,000 notes thereby became tainted with usury, and under the statute, § 6076, Comp. Laws 1913, providing that the taking of usury "shall be deemed a forfeiture of the entire interest which the note, bill, or other evidence of debt carries with it, or which has been agreed to be paid thereon," the entire interest on $4,000 is forfeited on these two notes in suit.

Our present usury statutes are largely but re-enactments of the national banking act, defining usury and penalizing its taking by national banks, U. S. Rev. Stat. §§ 5197, 5198, Comp. Stat. 1913, §§ 9758, 9759. This was for uniformity that there should be substantially the same usury laws for state and national banks and private individuals as well. It was thus necessary to adopt substantially the Federal banking act as our usury statute, because, so far as the operation of national banks is concerned, "the definition of usury and the penalties affixed thereto must be determined by the national banking act, and not by the law of the state. Farmers' & M. Nat. Bank v. Dearing, 91 U. S. 29, 23 L. ed. 196. In that case it was held that a law of New York forfeiting the entire debt for usury was superseded by the national banking law, and that such law was only to be regarded in determining the penalty for usury." Hazeltine v. Central Nat. Bank, 183 U. S. 132, 133, 46 L. ed. 118, 119, 22 Sup. Ct. Rep. 50. And the same is true in equity suits in foreclosure. Schuyler Nat. Bank v. Gadsden, 191 U. S. 451, 48 L. ed. 258, 24 Sup. Ct. Rep. 129. The Federal national banking act imposing this penalty was enacted in 1864, repealing the former penalty imposed by congressional act in 1863 (12 Stat. at L. 665, chap. 58), providing for a forfeiture of the entire principal and interest, evidently in harmony with the then existing usury statutes of New York and some other states. The act of 1863 was a penalty, and the present statute, adopted a year later, was no less a penalty. 11 Enc. U. S. Sup. Ct. Rep. 852, and cases cited. And our statute likewise penalizes for the taking of usury, but, in entire harmony with the Federal act, the penalty applies only to the interest, and not to the principal evidenced by the note. "The penalties laid down by the statute, therefore, are the only ones that can be considered,

as the rule is that the terms of the statute govern as to that question." Grove v. Great Northern Loan Co. 17 N. D. 352–359, 138 Am. St. Rep. 707, 116 N. W. 345. But in applying the usury statute it must not be overlooked that it contemplates penalizing by a declared "forfeiture of the entire interest which the note . . . carries with it or which has been agreed to be paid thereon." The penalty is imposed in explicit terms as a forfeiture of the entire interest agreed to be paid or carried by the note. With this as the penalty for the taking of usury, the only inquiry left open is whether the note is usurious. Brown v. Marion Nat. Bank, 169 U. S. 416, 42 L. ed. 801, 18 Sup. Ct. Rep. '390. "The forfeiture declared by the statute is not waived or avoided by giving a separate note for the interest or by giving a renewal note in which is included the usurious interest. No matter how many renewals may have been made, if the bank has charged a greater rate of interest than the law allows, it must, if the forfeiture clause of the statute be relied on and the matter is thus brought to the attention of the court, lose the *entire* interest which the note carried or *which has been agreed to be paid.* By no other construction of the statute can effect be given to the clause forfeiting the entire interest which the note, bill, or other evidence of debt carries or which was agreed to be paid, but which has not been actually paid." Consult Fowler v. Equitable Trust Co. 141 U. S. 384, 35 L. ed. 786, 12 Sup. Ct. Rep. 1. Also Farmers' & M. Bank v. Hoagland, 7 Fed. 159, and Danforth v. National State Bank, 17 L.R.A. 622, 1 C. C. A. 62, 3 U. S. App. 7, 48 Fed. 271–276, declaring that "the statutory forfeiture is not a part of the interest, but all of it. 'The entire interest which the note, bill, or other evidence of debt carries with it or which has been agreed to be paid thereon' is comprehensive language. It would be difficult to employ broader terms. The legislative intent, we think, was utterly *to destroy the interest-bearing capacity of the instrument.* The interdiction of a recovery of interest by the transgressing bank is salutary, and full effect should be given to it. These views have prevailed in the courts." Citing First Nat. Bank v. Stauffer, 1 Fed. 187; First Nat. Bank v. Childs, 133 Mass. 248, 43 Am. Rep. 509; Alves v. Henderson Nat. Bank, 89 Ky. 126, 9 S. W. 504, 3 Browne Nat. Bank Cas. 452. This language adopted by the Federal courts in passing upon this question was evidently adopted from a construction of the Federal banking act in Schutt

v. Evans, 109 Pa. 625–628, 1 Atl. 76, where the following is found: "It will be noticed that the act of Congress strikes down the usurious contract to the extent of the interest. It strikes at interest as interest. If more than the lawful interest has been charged or reserved, the *interest-bearing power* of the note or other obligation is destroyed. The whole stipulated interest is forfeited." This basic reasoning is the settled construction of the Federal statute and similar state ones on usury. "If a national bank discount a note at a usurious rate of interest, paying the borrower the proceeds, less the interest, and suit be brought to recover the loan, and the borrower pleaded the usury, the bank will recover the face of the note, *less the entire interest* taken out, received, or reserved, *and no more.* It will thus collect the sum of money it actually paid out, being punished for receiving interest in excess of the legal rate by forfeiting *all* interest. . . . Usury forfeited the entire loan or debt under the banking act of February 25, 1863 [12 Stat. at L. 665, chap 58]. This Congress thought was too severe, and the Act of 1864, with the exception already noticed, limits the forfeiture to the interest only." The exception referred to concerns the inability to recover usurious interest paid after a lapse of two years from payment. National Bank v. Davis (C. C. Ind.) 8 Biss. 100, Fed. Cas. No. 10,038. But Citizens' Nat. Bank v. Donnell, 172 Mo. 384, 72 S. W. 925, appealed and affirmed in 195 U. S. 369, 49 L. ed. 238, 25 Sup. Ct. Rep. 49, is exactly parallel and decisive on all points involved. Quoting from the syllabus of the state report: "Where a renewal note included the principal of a former note, with usurious interest thereon, and also unlawful interest charges on certain overdrafts and the long account between the parties was one continuous transaction, the entire transaction was affected with usury from the time that any item thereof became tainted, and subjected the payee to a forfeiture of the entire interest on the former note and on the overdrafts under the section of the national banking act . . . providing that the charging of such excessive interest shall be deemed a forfeiture of the entire interest which the note carries with it." This involved many separate usurious and nonusurious transactions extending over several years, evidenced by many notes taken and cash advances made, with part of the transactions usurious and part nonusurious. The Federal Supreme Court says: "There is no doubt, of course, that the court could go behind

the face of the present note (for $20,000) and analyze the sum which
it represents into its original elements." And this analysis it made as
follows, quoting: "The supreme court of Missouri held that the plain-
tiff must forfeit all interest from the beginning of the above trans-
actions and could recover only the original $15,000 [nonusurious item
evidenced by an earlier note], the actual overdraft on July 12, 1895,
$474.24 [upon which usurious interest had been computed and a usuri-
ous note had been taken previously for $596.74], the bank credit of
$230, given the same day [cash advanced—nonusurious], the note of
October 1, 1895 for $2,500 [another nonusurious advancement in cash],
the overdraft on April 25, 1896 of $874.81 [nonusurious cash ad-
vanced), and the bank credit of $2.42 [nonusurious]—in all, $19,081.-
97, [for which the $20,000 note bearing lawful interest had been
taken] less $5,500, collected on account since the action was begun."
The state court was affirmed. The statements in brackets in the fore-
going quotation are inserted, but will be found to be true to fact by
reference to the opinion by the state court in 72 S. W. 925. It will
be noticed that the items, the same as in the case at bar, consist of
both usurious and nonusurious loans, all finally carried into one note,
but without the purging of any of the previous usurious transactions.
And the nonusurious portions bore about the same ratio to the usurious
portion of the consideration for the note in suit as those in the case at
bar. The $20,000 note was a mixture of usurious and nonusurious
items, with the nonusurious debt ten times the amount of the tainted
items. The bank sought to have done exactly what was done in the
judgment appealed from in the case at bar, but the state supreme court
denied all interest, allowing a recovery of only the total of advance-
ments and cash paid and was affirmed in the Federal Supreme Court.
The Federal Court syllabus reads: "A national bank whose action on a
promissory note is met by the plea of usury may not avoid the forfeiture
of the entire interest, imposed by U. S. Rev. Stat. § 5198, Comp. Stat.
1913, § 9759, *in absolute terms,* by then declaring an election to remit
the excessive interest." The case is parallel in facts with ours, and its
interpretation and application of the identical statute from which ours
was taken should be conclusive. No interest whatever can be recovered
on the notes in suit in the face of defendant's plea and proof of usury.
First Nat. Bank v. Watt, 184 U. S. 151, 46 L. ed. 475, 22 Sup. Ct. Rep.

457. The debt evidenced by these notes was but $3,955 at the most, less unpurged interest on the $330 and $356 note, for which as one transaction notes aggregating $4,000 bearing 12 per cent interest were taken. Had it been a loan of $3,955 or less for which these two notes were taken as but one transaction, no question could arise but what these notes would be usurious. Again, had the bank discounted plaintiff's $356 note $45, and loaned him the amount paid him and taken these notes for $4,000, they would have been likewise usurious under all authority, as excessive interest cannot be taken by way of discount. National Bank v. Johnson, 104 U. S. 271–276, 26 L. ed. 742–745. No distinction can be made in principle between such transactions and those in suit. "In so far, then, as the notes in suit embrace the forfeited interest, they are without consideration. Moreover, it is an established principle that if there be usury in the original transaction, it affects all consecutive securities, however remote, growing out of it. Walker v. Bank of Washington, 3 How. 62, 11 L. ed. 494; Campbell v. Sloan, 62 Pa. 481. And neither the renewal of an old nor the substitution of a new security between the same parties can efface the usury." Farmers' & M. Bank v. Hoagland, 7 Fed. 159–161, approved in Brown v. Marion Nat. Bank, 169 U. S. 416, 42 L. ed. 801, 18 Sup. Ct. Rep. 390. The entire principal, $4,000, is tainted with usury, for which the penalty in law and equity under the plain mandate of the statute is the forfeiture of all interest "which has been agreed to be paid thereon."

The decision would be the same, however, if the source of our statute was ignored and the Federal holding disregarded if precedent be followed. In scanning decisions, however, reference should be had and kept in mind as to whether the statute under which the decision is given declares, as does ours, a penalty or merely a remission of the usurious over the legal interest, of which New Jersey under its early statutes was an example. See the construction thereof in Bedle v. Wardell, 25 N. J. Eq. 349, and Mahn v. Hussey, 28 N. J. Eq. 546. But for this radical difference in statutes, Mahn v. Hussey, identical on facts, would be authority contrary to our holding. And the early statutes of Ohio were like New Jersey. Baggs v. Loudenback, 12 Ohio, 153, in the opinion of which it is said: "In most countries it [usury] works a forfeiture of the whole debt tainted with usury. In our state

the law is more mild,—not affecting the debt, but simply forbidding a recovery of the *illegal* interest." For decisions supporting our holding on identical or closely analogous facts, see: McGuire v. Campbell, 58 Ill. App. 188; Fulton Bank v. Benedict, 1 Hall, 529, at 602–610; Jackson ex dem. Skinner v. Packard, 6 Wend. 415; Rice v. Welling, 5 Wend. 595; Williams v. Fitzhugh, 44 Barb. 321, same case decided on appeal in 37 N. Y. 444; Farmers' & M. Bank v. Joslyn, 37 N. Y. 353; Hammond v. Hopping, 13 Wend. 505; McCraney v. Alden, 46 Barb. 272.

In McGuire v. Campbell, quoting from the opinion, a loan was made of "$1,000, and $500 of this amount was paid the next day, and the contract was verbally made to pay 12 per cent interest on the loan, and the same usurious contract existed during all the time up to and at the time the judgment was confessed. Between the time of the payment of said $500 and March 1, 1879, the usurious interest amounted to $185, of which sum $105 was paid, and on March 5, 1879, the borrowers gave a renewal note of $580, which included the balance of the usurious interest unpaid. The loan was continued without other renewal by note until the note sued on was executed and that note was made up of the note for $580 and usurious interest thereon at 12 per cent, and another debt of $105. On March 1, 1879, deducting $500 principal and $105 usurious interest paid from the $1,000 loan, which under the law were proper deductions, $395 was the amount then due, and adding to it the principal of $105 debt included in the sum of the note sued on, and deducting all the usurious interest, there would remain due plaintiff $500, as found by the court. . . . The effect of contracting for or reserving usurious interest, whether by verbal or written contract, is the forfeiture of all interest. This statutory provision applies in this case."

It is contended that the note is tainted only to the extent of the usurious indebtedness incorporated in it. Reference is made to 29 Am. & Eng. Enc. Law, 518, where, in a general discussion of usury, it is stated: "If a new obligation is given in which are incorporated the original usurious indebtedness and also a valid nonusurious indebtedness, the new obligation is not tainted with the original usury so far as the nonusurious indebtedness is concerned, but it is usurious to the extent of the original usury carried into it,"—citing Porter v. Jefferies,

40 S. C. 92, 18 S. E. 229; German Ins. Bank v. Fabel, 24 Ky. L. Rep. 1721, 72 S. W. 329; McCraney v. Alden, 46 Barb. 272. Porter v. Jefferies sustains the text, but without discussion or citation of authority, and what was said was but *obiter,* as the court concludes that "the instruction complained of, even if erroneous, could not possibly have affected the result." The instruction in question was that the new loan, taken under circumstances parallel with those in this case, was not tainted with usury. The other two cases cited do not sustain the text. On the contrary, McCraney v. Alden, 46 Barb. 272, merely followed the doctrine that, where a usurious note is made up in part of a renewal of a valid pre-existing debt secured, while the renewal note is void, yet a recovery will be permitted upon the pre-existing original nonusurious debt. That is not the question here involved. It is conceded that the debt itself, the money loaned, can be recovered. The question instead is one of forfeiture of interest. And the same is true of the text in 39 Cyc. at pp. 990 and 996, concerning severable contracts under usury and part of the debt secured free from usury. What is said by the text-writers is evidently with reference to the subject generally. This opinion is written after a thorough and exhaustive research has demonstrated that any further discussion of the numerous authorities must be useless. Suffice it to say that no purging of usury is involved nor can be, as under this statute only the parties to the usurious transaction can purge it of usurious taint after action brought on the note, a court cannot, under Citizens' Nat. Bank v. Donnell, 195 U. S. 369, 49 L. ed. 238, 25 Sup. Ct. Rep. 49. Usury can only be purged by contract.

The only division of authorities seems to be upon the question of whether the legal rate—7 per cent in the absence of contract—should be allowed plaintiff upon the amount of money actually loaned by him to defendant in all the transactions culminating in the notes in suit; or whether, on the contrary, he should be held to forfeit the entire interest thereon. See the main and dissenting opinions in Owens v. Wright, 161 N. C. 127, 76 S. E. 735, Ann. Cas. 1914D, 1021, and note at 1028. The allowance of any interest seems to be a disregard of the usury statute requiring a forfeiture of all interest. Holdings as to what is equitable turn largely upon whether the usury statute declares a forfeiture of all interest where usury is present, or whether the

"statute prescribes a rate of interest, and simply forbids the taking of more, and, if more is contracted for, the contract is good for what might be lawfully taken." McBroom v. Scottish Mortg. & Land Invest. Co. 153 U. S. 318, 38 L. ed. 729, 14 Sup. Ct. Rep. 852. While under ordinary circumstances, it is but equitable to require as a condition to the granting of equitable relief the payment of legal interest, to do so in usury cases is nothing short of either refusal to apply the statute or an evasion of it in part. Equity cannot shut its eyes to the declaration of the statute that he who takes usury shall be penalized by the forfeiture of not a part but of *all* interest; and as it is impossible to penalize and yet allow interest as upon a contract for money had and received, equity should follow the law rather than supersede it. Besides, it is a pure fiction to say that interest should be allowed as for money had and received as in the absence of any agreement for interest, because an interest rate had been stipulated in violation of both civil and penal statutes, and the fiction is therefore contrary to the fact.

The trial court, however, did not allow interest upon the basis of 7 per cent, but upon 12 per cent. Little support can be found in the authorities for that basis.

The notes in suit are usurious. Plaintiff will recover the amount he has advanced in cash in all of the transactions, but without any interest thereon whatever, except that he should be allowed interest upon the $966 note at 12 per cent from its date, April 1, 1910, to September 28, 1910, the date of the taking of the two $2,000 notes; that no other interest should be allowed to plaintiff; and that upon said indebtedness there should be credited the payments made, aggregating $2,435.97, leaving approximately $1,500 still due plaintiff from defendant, and for which judgment of foreclosure should be entered, less appellant's costs on this appeal. The judgment appealed from is directed to be modified accordingly.

Fisk, Ch. J. I am unable to concur in the majority opinion and with due deference to the views as there expressed, I think my associates have failed to discriminate in reading the authorities.

In brief the facts are as follows: In April, 1910, defendant executed and delivered to plaintiff two promissory notes, one for $330 in which there was included a bonus of $30, and the other for $966.43 containing

no bonus. In July following he executed and delivered to plaintiff a note for $356, being a renewal of the first-mentioned note and containing an additional bonus of $15. On September 28th of that year he executed and delivered to plaintiff the two notes in suit of $2,000 each. All of such notes bore interest at 12 per cent per annum. The two last-mentioned notes were given as renewals of the prior notes and for other consideration. Aside from the sum of $45 embraced in the two small notes, there was no bonus or usury in the notes in suit.

The sole question, therefore, is whether the latter notes are so tainted with the usury aforesaid as to justify and require a court of equity to enforce a forfeiture of the entire interest accrued thereon. The learned trial court thought not, and he merely deducted from such notes the total bonus, aggregating $45, together with a sum equal to all interest on the two small notes from their dates to the date of entry of judgment, amounting in all to $218.35. In so doing, I am satisfied that such court very properly and correctly meted out exact justice to the defendant. His decision is not only sound on principle, but it is supported by all the authorities which are in any way in point in so far as I am able to discover. See: 29 Am. & Eng. Enc. Law, 2d ed. 518; 39 Cyc. 990, 996; Mahn v. Hussey, 28 N. J. Eq. 546; Ammondson v. Ryan, 111 Ill. 506; Porter v. Jefferies, 40 S. C. 92, 18 S. E. 229; McCraney v. Alden, 46 Barb. 272; Bank of Russellville v. Coke, 20 Ky. L. Rep. 291, 45 S. W. 867; Hinkson v. Wigglesworth, 20 Ky. L. Rep. 1161, 48 S. W. 1079; German Ins. Bank v. Fabel, 24 Ky. L. Rep. 1721, 72 S. W. 329; Farmers' & M. Bank v. Hoagland, 7 Fed. 159; Wilson v. Fleming, 23 Ind. 119; Smith v. Heath, 4 Daly, 123; Farmers' & M. Bank v. Joslyn, 37 N. Y. 353; Burnhisel v. Firman, 22 Wall. 170, 22 L. ed. 766; Graves v. Safford, 41 Ill. App. 659; Parish v. Stone, 14 Pick. 198, see pages 208, 209 and 211, 25 Am. Dec. 378; Guild v. Belcher, 119 Mass. 257; Langdon v. Gray, 52 How. Pr. 387; McFerrin v. White, 6 Coldw. 499.

The text in 29 Am. & Eng. Enc. Law, 2d ed. 518, is as follows: "If a new obligation is given in which are incorporated the original usurious indebtedness, and also a valid nonusurious indebtedness, the new obligation is not tainted with the original usury so far as the nonusurious indebtedness is concerned."

The author of the article on usury in 39 Cyc. at page 990 states: "But when the obligation is severable, and a part thereof can be as-

signed to the usurious consideration, and a part to a consideration that is legal, the courts will enforce such part of the obligation as rests upon the valid consideration, visiting the penalties of usury only upon that part which is supported by the illegal consideration. Where one of two separate and independent loans is usurious, the taint does not adhere to the other, although both were between the same parties, closed at the same time, and secured by the same mortgage." At page 996 he further states: "When a mortgage or other obligation is given to secure a debt partly usurious and partly free from usury, its validity depends upon the same considerations as the validity of the debt secured. If the part of the debt which is free from usury may be separated from the other as having an independent existence, the mortgage may be enforced to the extent of such part of the whole amount secured. But, if the debt is inseparable because the usurious consideration extends to the whole amount, the mortgage falls under the penalty imposed by the statute as completely as the debt itself."

Mahn v. Hussey, 28 N. J. Eq. 546, is on all fours with the case at bar. I quote from the opinion of the New Jersey court as follows: "The pleadings disclose the following state of facts: The complainant, on the 2d of March, 1868, lent to the defendant Hussey $4,500, taking his bond and mortgage executed by him and his wife for $5,000, with interest. On the 29th of December, 1868, the complainant lent to Hussey $1,000 more, on like bond and mortgage; and in March, 1873, he lent to him $1,500, the payment of which, with the amount of the former loans, was secured by a bond and mortgage for $7,500 and interest, on the premises described in the former mortgages, which were then canceled. The principal on this last mortgage, which is the mortgage in suit, was made payable on the 1st of July, 1878, and the interest semiannually, with provision that if default should be made in the payment of the interest for thirty days, the principal should, at the option of the mortgagee, immediately become due. On the first loan of $4,500, it was agreed that the complainant should receive a premium of $500, which was included in that mortgage. The answering defendants, by their answer, set up the defense of usury, and they insist that the mortgage in suit is so affected thereby that not only is the whole of the interest forfeited, but the bill must be dismissed, because no interest has even been recoverable on the mortgage, in con-

sequence of the usury, and therefore there has been no default; and, if no default, the principal is not due, and will not be due until the 1st of July, 1878. The mortgage in suit was given to secure the payment of three several and distinct loans by the mortgagee to the mortgagor, Hussey. On the first of these a premium was taken, but none on either of the others. The second and third loans were neither of them usurious. The first was. To that the forfeiture should be confined. Crippen v. Heermance, 9 Paige, 211. No interest is recoverable in respect to the amount of that mortgage, and the interest received by the mortgagee on the $500 premium must, with the premium, be deducted. Bedle v. Wardell, 25 N. J. Eq. 349. Interest is recoverable on the rest of the amount of the principal, that is, on $2,500."

Ammondson v. Ryan, 111 Ill. 506, is also squarely in point. In that case there was an original loan of $2,000 in which there was a bonus of $50. To this latter an additional loan was made of $700, containing no usury, and these two loans with unpaid interest on the first amounted to a total indebtedness of $3,000 for which a new note secured by a trust deed was given. It was held by the supreme court of Illinois that *in so far* as the original $2,000 note entered into the $3,000 note and deed of trust, the latter could be enforced for only $1,950, but as to the $700 portion of the consideration the new note could be enforced with the stipulated rate of interest.

Porter v. Jefferies, 40 S. C. 92, 18 S. E. 229, is also directly in point, as well as many of the other cases above cited, but some of which I do not claim to be in point except on principle.

The numerous authorities cited in the majority opinion were no doubt correctly decided under the facts involved, but as I read them they are each readily distinguishable from the case at bar. Much reliance is placed upon the case of Citizens' Nat. Bank v. Donnell, 172 Mo. 384, 72 S. W. 925 (affirmed in 195 U. S. 369, 49 L. ed. 238, 25 Sup. Ct. Rep. 49), it being stated that such case is *"exactly parallel and decisive on all points involved."* I am unable to thus construe the opinion in that case. Contrary to the facts in the case at bar, the renewal note in that case did not cover two or more divisible obligations or indebtednesses, some of which were not tainted with usury, but the language of the opinion shows that the consideration of the renewal note embraced nothing but usurious transactions. The language is very significant. It is

as follows: "Where a renewal note included the principal of a former note, *with usurious interest thereon,* and also *unlawful interest charges* on certain overdrafts, and the long account between the parties was *one continuous transaction, the entire transaction* was affected with usury," etc. It is entirely clear from the above that there was no portion of the consideration of the renewal note which was not tainted with usury, and this differentiates that case from the case at bar. I think the other cases cited in the majority opinion may all be differentiated from the case at bar in like manner.

It is, of course, a well-settled general rule that a note given in renewal only of a usurious note is usurious; but as I understand such rule, it is not broad enough to uphold appellant's contention under the facts in the case at bar. Here the usurious part of the indebtedness is very small and easily separable from the nonusurious portion, and as a consequence the two large notes cannot be properly said to be tainted except to the extent of the usurious part of the indebtedness.

Most, if not all, of the authorities cited by appellant's counsel, as well as in the majority opinion, are cases involving renewal notes covering only indebtedness which was previously tainted with usury, and, of course, are not in point. I think the judgment should be affirmed.