ROBERT MARTIN and others, adm'rs &c., *v.* DAVID COPE.

S. and C. entered into an agreement in writing, by which S. agreed to sell to C. his house, farm and premises, &c. all the tools belonging to the saw mill, all the apparatus belonging to the grist mill, "together with all the fixtures belonging to the fulling mill and carding machine, together with every article attached to the freehold." It was proved that a building on the farm, which had been used in the wool-carding and cloth-dressing business, was called and known, at the date of the contract, as the fulling mill and carding machine. But the building had not been used for that business for several years, and the carding machine itself had been taken from the building, and stored in the grist mill. *Held* that S. intended to sell, and C. intended to purchase, by the contract, not only the fulling mill and carding machine building, but all the machinery on the farm, which had been used in such building as fixtures; and that such machinery was what they meant by the words "fixtures belonging to the fulling mill and carding machine."

*Held, also,* that the judge erred, in charging the jury that if before the contract was made there had been a permanent removal of the carding machine from the carding machine building, upon an abandonment there of the carding business, the machine ceased to be a fixture, and became mere personal property, and did not pass to C. by the contract.

That he should have submitted to the jury, upon the evidence, the question whether the words "carding machine and fulling mill," as used in the contract, did not mean the building on the farm, in which the business of carding wool and dressing cloth had been carried on; and if so, whether the phrase "fixtures belonging to the fulling mill and carding machine" did not mean the carding machine and other machinery that had been used in said building, though detached and stored elsewhere, at the date of the contract.

THIS action was brought in the Monroe county court to recover the value of a carding machine. It was commenced on the 9th day of February, 1843. The general issue and the statute of limitations were the defenses pleaded. The action was removed into the Supreme Court on the 1st of July, 1847. It was tried at the Monroe circuit in January, 1857, when the jury rendered a verdict in favor of the original plaintiff, (Joseph Sibley, since deceased,) for $837.43

damages.   The defendant made a motion for a new trial, at a special term of the Supreme Court, which was denied. He appealed to the general term of that court, and judgment was rendered against him on the verdict, with costs. Joseph Sibley afterwards died, and his administrators were substituted plaintiffs in the action.    The defendant appealed. to this court.

*Joseph A. Stull*, for the plaintiffs.

*George G. Munger*, for the defendant.

BALCOLM, J.    Joseph Sibley, now deceased, and the defendant entered into a contract, in writing, under seal, dated the 7th day of October, 1836, by which the former for a sufficient consideration, agreed to sell to the latter, his house, farm and premises, situated in the towns of Chili and Riga, containing about three hundred and forty acres or upwards, with the crops growing on the same; all the lumber for the house ; all the tools belonging to the saw mill; all the apparatus belonging to the grist mill; *together with all the fixtures belonging to the fulling mill and carding machine*, together with every article attached to the freehold. Sibley subsequently gave a deed to the defendant for the property, pursuant to the contracts.

It is apparent from the language of the contract that it was not written by a lawyer, or any person acquainted with the law of fixtures.    It was conceded on the trial that it was drawn by Josiah Howell, who, at the time, lived in the neighborhood of the property, but had since died.    It was proved that a building on the farm, which had been used in the wool-carding and cloth-dressing business, was called and known, at the date of the contract, as the fulling mill *or* carding machine, or the fulling mill *and* carding machine.    But the building had not been used for that business for several years

prior to that date; and the carding machine itself had been taken from the building, before the contract was made; and stored in the third story of the grist mill on the farm. The judge charged the jury, in substance, that if before the contract was made there had been a permanent removal of the carding machine from the carding machine building, upon an abandonment there of the carding business, the machine ceased to be a fixture, and became mere personal property, and did not pass to the defendant by the contract or deed. To which the defendant's counsel excepted.

The meaning of the contract can not be satisfactorily ascertained without the aid of extrinsic evidence; and such evidence establishes, or at least strongly tends to establish, that the words, "fulling mill and carding machine," were used in the contract to designate the building in which the carding machine in question and the fulling mill had been situated and used; and that the former had been removed and stored in the grist mill, upon the same farm, prior to the making of the contract; and by assuming that the words "fulling mill and carding machine," were employed to designate the building I have mentioned, the presumption is that the phrase "fixtures belonging to the fulling mill and carding machine," as used in the contract, means the carding machine itself and other machinery that had been used in the carding machine and fulling mill building, and belonged therein when in their proper place. This interpretation of the contract is the only one that is consistent with the conduct of the parties. For the defendant assumed to own the carding machine in the fore part of the year 1837 or 1838, and disposed of it in one of those years; and Sibley did not bring this suit until February, 1843. And it is probable if Sibley had not intended to sell the carding machine itself to the defendant, it would have been expressly reserved in the contract, for the inference is quite cogent that Howell would have thought it necessary to reserve it expressly, to prevent

it passing by the general language of the contract.  It seems to me Sibley intended to sell, and the defendant intended to purchase, by the contract, not only the fulling mill and carding machine building, but all the machinery on the farm, which had been used in such building as fixtures; and that such machinery is what they meant by the words "fixtures belonging to the fulling mill and carding machine."  In other words, they supposed they correctly described the ma- chinery that was formerly attached to and used in such build- ing, when they designated the same as fixtures *belonging* to the same.  It is not improbable that the defendant contem- plated putting the carding and fulling works into operation again, at the time he contracted for the premises, and regard- ed the machinery which had been detached from the building, as fixtures belonging to the same.  For these reasons I am of the opinion that that part of the charge of the judge, above mentioned, misled the jury, and that he should have sub- mitted to the jury, upon the evidence, the question whether the words, "carding machine and fulling mill," as used in the contract, do not mean the building on the farm in which the business of carding wool and dressing cloth had been carried on; and if so, whether the phrase, "fixtures belong- ing to the fulling mill and carding machine," does not mean the carding machine in question, and other machinery that had been used in said building, though detached from it and housed, or stored, in some other place on the farm, at the date of the contract.

If these views are correct, the judgment of the Supreme Court should be reversed, and a new trial granted, in the action, costs to abide the event.

ROSEKRANS, J. delivered an opinion in which he came to the same conclusion.

DENIO, Ch. J., EMOTT and DAVIES, JJ. concurred.

WRIGHT, J. read an opinion in favor of affirming the judgment, in which MARVIN, J. concurred.

SELDEN, J. having been counsel in the cause, took no part in the decision.

Judgment reversed and a new trial granted; costs to abide the event.