STATE OF MISSOURI TO THE USE OF CHRIST VON DER
AHE, Respondent, *v.* S.C. CABANNE ET AL., Appellant.

December 4, 1884.

1. EVIDENCE — MORTGAGES. — Oral evidence is admissible in aid of the descrip-
tive terms employed in a chattel mortgage.

2. —— That property is technically misdescribed in a chattel mortgage is immaterial where the intention of parties that it should pass under the mortgage is clear.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed*.

R. W. GOODE and M. W. HUFF, for the appellants.

J. J. O'NEIL, for the respondent.

BAKEWELL, J., delivered the opinion of the court.

This is an action upon an indemnifying bond given under the sheriff and marshal's act. The cause was tried without a jury. The court found for the plaintiff, and assessed the damages at $350.

The petition describes the property seized by the sheriff and belonging to the plaintiff as " one safe, two counters, shelving, show-cases, clock, wall case, desk, three chairs, five pictures, two ice boxes, one marble-top side-board, lot oil cloth, chandeliers and gas fixtures, lot glassware, partition, wash stand, mirrors, marble slab and fixtures, one door screen, lot counters, one window show-case, three signs, one gas cigar lighter, one tobacco cutter, one cigar cutter, one rubber foot mat, of the value of $400."

The claim of plaintiff filed with the sheriff, describes the property substantially, as set out above, states its value at $400, and that the plaintiff owns the same, under a chattel mortgage executed by the defendants in the attachment, dated September 21, 1882, and recorded next day.

The indemnifying bond describes the property attached and claimed, word for word, as it is described in the petition.

The mortgage is dated and duly recorded as set out above, and is made to secure a note of Hogan & Kelly (the defendants in the attachment in which the indemnifying bond was given), to Von der Ahe, for $600, at thirty days, dated the day of the mortgage. The mortgageors are Hogan & Kelly. The property is described as " per-

sonal property now in store in house southeast corner of Sixth and Pine Streets, in the city of St. Louis, 2 packages brandy, 1 sherry, 1 rye whiskey, 1 port, 3 dozen bottles whiskey, 1 case Rhine wine, 1 claret, 1 case eastern, 1 case Irish whiskey, 1 case port wine, 2 cases city club wine, 2 cases champagne, about 600 cigars, all the fixtures, worth about $625, about $75 tobacco.''

The return of the sheriff to the attachment is that he seized '' the following described personal property at store southeast corner of Sixth and Pine Streets, described as follows: A lot of cigars, cigarettes, pipes, tobacco, smoking and chewing, safe, counters, shelving, show-cases, wines, liquors, clock and miscellaneous articles,'' which he sold at the store aforesaid for $948.64. The advertisement attached to the report of sale describes the property as it is described in the sheriff's return.

The plaintiff testifies that he gave Hogan a check for $600 to release a levy on the property on Sixth and Pine Streets, and took the chattel mortgage as security; that there was still due him $350; and that the fixtures were worth $600. O'Neill, for the plaintiff, testified that all the articles mentioned in the mortgage were in the store when the mortgage was given, and that the property particularly described in the claim was in the store '' when the mortgage was given, when they were levied upon by Cabanne, and when the claim was filed.'' This was all the evidence in the case. No instructions were asked or given.

It is evident that the mortgage was not written by one acquainted with the law of fixtures. The mortgage seems to have been upon property in a dram-shop. We think it was for the trier of the fact to say from the evidence whether '' all the fixtures, worth $625,'' was not meant to express all the personal property in the shop, constituting its furniture at the time the mortgage was given.

When S and C entered into an agreement in writing by

which S agreed to sell to C his house, farm and premises, all the tools belonging to the saw mill, all the apparatus belonging to the grist mill, " together with all the fixtures belonging to the fulling mill and carding machine, together with every article attached to the freehold," it was proved that a building on the farm, which had been used in the wool-carding and cloth-dressing business, was called and known at the date of the contract as the fulling mill and carding machine; but the building had not been used for that business for years, and the carding machine itself had been taken from the building and stored in the grist mill. It was held that S intended to sell and C to purchase not only the fulling mill and carding machine building, but all the machinery on the farm, which had been used in such building as fixtures, and that such machinery was what they meant by the words " fixtures belonging to the fulling mill and carding machine; " that it was error to charge the jury that, if, before the contract, the carding business had been abandoned, and the carding machine removed, the machine having become personal property, did not pass by the contract; and that it should have been left to the jury to say, upon the evidence, whether the phrase " fixtures belonging to the fulling mill and carding machine," did not mean the machinery that had been detached from the building and stored elsewhere. *Martin* v. *Cope*, 28 N. Y. 180.

There can be no doubt that, where the inquiry is whether particular property was intended to be embraced in a written instrument, oral evidence is admissible to aid the descriptive terms employed. *The State ex rel.* v. *Cabanne*, *ante*, p. 294. It is in evidence in the present case that all the articles claimed were on the premises described in the mortgage when it was given ; and it is a fair inference from the character of the property that it was the ordinary shelving, counters and furniture of a dram-shop, and that

all this furniture was meant to pass under the general term of "fixtures, worth $625."

As to the measure of damages, there is testimony tending to show that these articles were worth $600, and that $350 was still due the plaintiff on the mortgage.

As to the *bona fides* of the transaction between the defendants in the execution and the plaintiff, there was testimony tending to show that, at the time the note and mortgage were executed, the plaintiff gave to Hogan & Kelly his check for $600, which they indorsed to Cabanne, the plaintiff in the attachment proceedings, and which he indorsed. The check was put in evidence by the plaintiff; it was in his possession with these names on it, and no objection was made to its introduction. This check was given to release a levy on this same property, and the mortgage was given to secure this advance.

We think that there was substantial evidence to support the finding, and see no sufficient ground for reversing the judgment. It is therefore affirmed. All the judges concur.