JOHN M. JENNINGS. Appellant, v. JOHN SPARKMAN, Respondent.

St. Louis Court of Appeals, March 4, 1890.

1. **Lease**: RECORDING. A lease of land, whatever its terms, affects real estate, and a mortgage of it must be recorded in the county in which the land lies.

2. **Mortgage**: RECORDING. When a mortgage conveys both a leasehold interest in lands and personalty, and the mortgagor resides in the county in which the land lies, the recording of it in a volume used for recording conveyances of real estate is sufficient.

3. ————: SUFFICIENCY OF DESCRIPTION OF PROPERTY. The description in a chattel mortgage of the property conveyed must be such that a third person can, by its aid and with such inquiries as the instrument itself suggests, identify the property conveyed. And *held* that a description of the property as a specified number of mules on certain designated premises is not, as a matter of law, so indefinite as not to bind subsequent purchasers.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED (*Judge Biggs dissenting*).

*Kehr & Tittmann, Fred. Wislizenus* and *Geo. H. Benton*, for the appellant.

*W. H. Clopton* and *S. M. Chapman*, for the respondent.

ROMBAUER, P. J., delivered the opinion of the court.

This was an action of replevin for four mules. The defendant purchased the mules from Joseph M. Fulton. Prior to his purchase, Fulton had conveyed the mules, together with other personal property and an unexpired leasehold in certain lands, to the plaintiff, in trust, to secure a debt due to Berthold & Jennings of St. Louis.

The deed of trust was executed on the twenty-sixth of June, 1884, and, according to the recitals of the deed, the leasehold interest which was conveyed therein expired in April, 1886,—so that the lease had less than two years to run. All the property conveyed by the deed of trust was situated in Butler county. The deed was deposited for record in the office of the recorder of deeds of Butler county, and was by him recorded in the book wherein were recorded deeds of conveyance *of real estate;* it was indexed in the index of that book, and was not recorded in the book containing conveyances of chattels, or personal property.

The deed described the property in the following words : "The following property, contained and situated and being in the leasehold premises of the party of the first part, leased from one Carroll Gilbert in section 4, township 25, range 6 east, in Butler county, Missouri, to-wit : One sawmill complete, consisting of one tubular boiler fourteen by forty-eight inches, containing fifty-three inch flues; one engine twelve by eighteen inches, both made by William Ellison & Son : one saw carriage and fixtures; one double circular iron sawmill frame and all appurtenances thereto belonging; one St. Louis gang Edgar; also all shafting, pulleys and belts, pertaining to and connected with said sawmill; also three dark-bay mules about six years old, one dark-bay mule about eight years old, two light-bay mules about seven years old, two light-bay mules about nine years old, one roan white-face mule about eleven years old, three sorrel mules about six years old, two black mules about five years old, one brown mule about eleven years old; also all the right, title and interest of the party of the first part in and to the leasehold estate, and the unexpired term of years thereby created in and to the real estate, on which said mill aforesaid is situated, leased from one Carroll Gilbert, expiring in April, 1886, and real estate being, lying and situate in section 4, township 25, range 6 east, in Butler county, Missouri."

When this deed was offered in evidence by the plaintiff, it was objected to by the defendant upon two grounds: *First.* That the deed was, on its face, void for indefiniteness and imparted no notice. *Second.* That the recording of the deed of trust in deed book of real estate imparted no notice; for said deed of trust, being only a chattel mortgage, should have been recorded in the book provided by law for that purpose. The court received the deed of trust in evidence subject to these objections. The plaintiffs thereupon gave evidence tending to show that the mules replevied were owned by Fulton at the date of the deed of trust, were in Butler county and used in connection with the sawmill conveyed, also evidence tending to show the value of the mules. The defendant gave evidence tending to show that he bought the mules of Fulton, subsequent to the record of the deed of trust, but without actual notice of such deed, and that, prior to his purchase, he repaired to the recorder's office of Butler county, and examined the record of chattel mortgages, but not the record of deeds to realty nor its index.

The trial was by the court without a jury, and, at the close of the evidence, the plaintiff requested the following declaration of law:

"The court declares it to be the law in this case that if it appear from the contents of the instrument in evidence that it is a mortgage of personal property, and also of a leasehold interest, and that said instrument was duly filed for record, and by the clerk recorded in the book for deeds, and properly indexed in the abstract and index for deeds, that said instrument, so filed and recorded, was constructive notice to the world, and that if it further appear that defendant bought the mules in question subsequent to the said filing and recording, and that the said mules are covered by the said mortgage, said defendant bought said mules with notice, and plaintiff is entitled to recover."

The court refused so to declare the law, and found a judgment for the defendant.

The plaintiff assigns for error that the court erred in refusing to declare the law as requested, and erred in finding for the defendant, as, under the conceded facts, the plaintiff was entitled to recover.

Two questions are presented for decision by the first assignment of error, and both must receive an affirmative answer before the trial court can be put in the wrong in refusing the declaration of law asked. These questions are: *First*, did the deed of trust convey or affect realty within the meaning of sections 691 and 692 of the Revised Statutes of 1879. And, *next*, is it sufficient to record a deed of trust or mortgage, which conveys both realty and personalty, in conformity with the law touching conveyances of realty, in order to make the record of the conveyance operate as constructive notice both as to the realty and personalty conveyed?

The first of these questions seems to be answered by the statute itself. It provides:

"Section 691. Every instrument in writing that conveys any real estate, *or whereby any real estate may be affected* in law or equity, * * * shall be recorded in the office of the recorder of the county in which such real estate is situated.

"Section 692. Every such instrument in writing, certified and recorded in the manner hereinbefore prescribed, shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof, and all subsequent purchasers and mortgagees shall be deemed, in law and equity, to purchase with notice."

The discussion, therefore, whether an unexpired leasehold for a period of two years is, or is not, real estate, as between the executor and heir, or whether it is one or the other within the purview of our execution

laws, or whether it is a chattel real, or a chattel personal, within the provisions of section 3815 of the Revised Statutes, is wholly immaterial. A conveyance of it is unquestionably an instrument affecting real estate, and, as such, must be recorded in the county where the real estate is situated.

That such is the proper view will furthermore appear when we consider that it is the only practicable view, and that any other would give rise to interminable complications. Assignments of leasehold interests are frequently made by quitclaim deeds, or by deeds conveying the debtor's interest in certain realty, without describing the interest. If the view were entertained that the leasehold is mere personal property, such deeds would not furnish to the recorder any guide whatever how to record them. It may further be said that the view that such deeds should be recorded as deeds conveying or affecting real estate finds support in the opinion of text-writers (Jones on Chattel Mortgages, section 280; Herman on Chattel Mortgages, section 77), and is in conformity, as far as we are aware, with the uniform practice in this state. We must, therefore, conclude that the deed of trust, as far as it related to the leasehold, was properly recorded as a deed affecting real estate in the real estate record.

This brings us to the second and more difficult question: Was the instrument properly recorded as a mortgage of personal property, so as to impart constructive notice to subsequent purchasers? A mortgage of realty must be recorded in the county where the realty is situated, but a mortgage of personalty, under the provisions of section 2503 of the Revised Statutes of 1879, in the county where the mortgagor resides. The deed, when offered in evidence, was not objected to on the ground that it was not recorded in the proper county, but on the grounds that it was indefinite, and not recorded in the personalty book. It is a fair

inference from the evidence that the grantor did reside in Butler county. Now, section 2503, *supra,* provides that chattel mortgages shall be "recorded in the county in which the mortgagor or grantor resides, in such manner as conveyances of lands are by law directed to be recorded." If this were the only provision on the subject, the question would be free from all difficulty, because the deed was recorded in the county where the grantor resided, and was recorded in such manner "as conveyances of lands are by law directed to be recorded."

But the respondent contends that the deed falls within the provisions of section 3815 of the Revised Statutes of 1879, which provides :

"Instruments in writing, conveying chattels or personal property alone, which, by any law of this state, are required to be recorded or admitted of record in any recorder's office in this state, shall be recorded in a series of volumes separate from those used for recording conveyances of real estate."

We are of opinion that this contention is not tenable. We concede the position, contended for, that instruments, in order to impart constructive notice, must not only be recorded in the proper county, but also in the proper book, but we find nothing in the statutes, reading them together, or even *seriatim,* which leads to the conclusion that, where the same instrument affects real estate and conveys personal property, the law necessitates *in all cases* a double record. The word "*alone,*" in the section last quoted, can certainly not be rejected as surplusage. It may reasonably be said that, where the real estate and personal estate to be affected, and the grantor's residence, are in different counties, the law necessarily contemplates a double record, one in the county where the real estate to be affected is situated, and the other where the grantor resides. It may also be justly claimed that, in such event, the record of the

deed in the county where the grantor resides should be made in the personalty book, ·because as far as that county is concerned it affects personalty *alone*. This is the only construction that can be given to the various provisions of law on the subject, which harmonizes them all, and gives effect to each, and which is in harmony with the analogous decision in *Anthony v. Butler*, 13 Peters, 431.

There are no decisions on that subject in this state, which in any way negative the correctness of the conclusion arrived at herein. In *Harrold v. Simonds*, 9 Mo. 326, it has been decided that, where deeds are to be recorded within a certain time, the statute is satisfied, if they are *filed for record* within that time. In *Digman v. McCollum*, 47 Mo. 375, the following language, used in *Leiby v. Wolf*, 10 Ohio, 84, is quoted and approved : "Whenever the state of the title on record would lead a searcher of incumbrances, who was using common prudence and care in investigating the title, to the knowledge of a fact, the law assumes that he acquired the knowledge of it." In *Bishop v. Schneider*, 46 Mo. 472, it was decided that the failure to index a deed will not affect the validity of the constructive notice which the record imparts, although the statute requires the recorder to keep the index both direct and inverted, to all the recorded deeds. Judge WAGNER says : "The statute states, without reserve or qualification, that when an instrument is filed with the recorder, and transcribed on the record, it shall be considered as recorded from the time it was delivered." While none of these cases bear directly on the point under investigation, they all tend to show that our courts are not inclined to fritter away the protection, afforded to vendees and mortgagees by the laws touching the recording of instruments, upon bare technical objections. We conclude by holding that the court erroneously rejected the record of the deed, as not imparting constructive notice, because not copied in

a book provided for the record of deeds conveying personalty alone.

The question remains, did the court err in refusing the instruction in that the description of the mules was so indefinite as to impart no information of the property conveyed as a matter of law, because the question, whether the mules replevied were covered as a matter of fact by said mortgage, was a question submitted to the trier of the facts by said instruction. The record would seem to indicate that the court excluded the deed for want of proper recording only; still, if the deed was too indefinite in its description to impart any notice to subsequent purchasers, the plaintiff could not recover, and thus the ground, on which the deed was rejected, would become immaterial.

This question is probably still closer than the foregoing, and its proper solution depends upon the fact whether the words, "the following property contained and situated and be¹ᵗg. the leasehold premises of the party of the first r ift leased from one Carroll Gilbert in section 4, township 25, range 6 east, in Butler county," are descriptive of the location of the entire property which is conveyed, or only of the sawmill and its appurtenances; if the former, the description is sufficient; if the latter, it is too indefinite, because it would not show where the mules are, nor show that they are all the mules owned by the grantor, and the rule in these cases is that the description must be such, that a third person could, by its aid with such inquiries as the instrument itself suggests, identify the property conveyed. *Stonebraker v. Ford*, 81 Mo. 532; *Hughes v. Menefee*, 29 Mo. App. 204; *Tindal v. Wasson*, 74 Ind. 495, 500; *Cass v. Gunnison*, 58 Mich. 108, 115; Jones on Chattel Mortgages, section 55.

The rule, as hereinabove stated, is properly illustrated by what is said by Commissioner PHILIPS in *Stonebraker v. Ford, supra.* There the description was,

"Forty head of cattle, of different ages and sexes, most of them thoroughbreds" on the mortgagor's farm in Pike county. The controversy was whether "sixteen head of thoroughbred aged cattle" were covered by this description. The mortgagor testified that, at the time the mortgage was given, "I had about forty-five or forty-six cattle on my farm of different ages and sexes." The commissioner says: "Is the description of the cattle given in the mortgage sufficient? It is 'forty head of cattle, of different ages and sizes, most of them thoroughbreds.' Had these been all the cattle on the farm, of mixed breeds, or had there been only 'sixteen head of thoroughbred aged cattle,' when the mortgage was given, the description would have been clear enough for identification." The entire decision rests on the ground that a third party could not identify the property even with the aid of such inquiries as the instrument itself suggested, and is in nowise opposed to the repeated decisions of this court at the descriptive words of a chattel mortgage may be helped out by parol evidence. *State ex rel. v. Cabanne,* 14 Mo. App. 294; *State to use v. Cabanne,* 14 Mo. App. 455, 458. In fact that a description can be thus aided has not only been frequently decided, but the extent, to which it can be thus aided, has been carried much farther than we are required to go in this case for the purpose of upholding the mortgage. See *Mills v. Lumber Co.,* 26 Kansas, 574; *Welsh v. Lewis,* 71 Georgia, 387; *Wheeler v. Becker,* 68 Iowa, 723.

While on the one hand every deed should contain a sufficient description to advise third parties of the exact property conveyed, it should, on the other, receive such construction as to sustain it without violence to the language employed. *Draper v. Perkins,* 57 Miss. 277. It certainly does no violence to the language of this deed, if we hold that the location of the property, which precedes its description, was intended to apply to all

the property enumerated, and not only to part of it. We consider, therefore, that the court's action cannot be sustained either on the first ground which rejected the deed for insufficiency of record, or on the second which rejected it for insufficiency of description.

The judgment is reversed and the cause remanded. Judge THOMPSON concurs; Judge BIGGS dissents.