W. J. LONG, Respondent, v. T. E. GORMAN et al.,
Appellant.

St. Louis Court of Appeals, February 4, 1902.

1. **Deed of Trust: CHATTEL MORTGAGE: PERSONAL PROP-
ERTY INCLUDED WITH LAND IN DEED OF TRUST: NOTES
INDORSED BEFORE MATURITY.** M. held two notes secured by
deed of trust on land and some cattle, which he transferred before
maturity to plaintiff, with the understanding that his deed of trust
as to the cattle was subject to two chattel mortgages theretofore
given on the cattle, described in the deed of trust, but as this under-
standing was not incorporated in the deed of trust and was not
known to plaintiff, when he obtained the notes, it was not binding,
and could in no way operate against the interest of plaintiff, or
affect his security given by the deed of trust.

2. ———: ———: ———: **CONSTRUCTIVE NOTICE.** When a deed
of trust conveys both land and personal property, and is placed on
record, although it is only recorded in the land records, it imparts
notice to the world that the personal property in it described is
conveyed for the benefit of *cestui qui trust* therein mentioned, and
it does not matter whether indexed or not, so as to show a con-
veyance of the personal property.

3. ———: ——— ———: **LEGISLATION, NEEDED: OUGHT TO
BE INDEXED.** As the law requires chattel mortgages to be re-
corded in separate books from those in which land mortgages are
recorded, a party in search of whether certain personal property
was incumbered by a chattel mortgage, would be misled without
any actual fault on his part, to his injury, and that notwithstand-
ing diligence. The law ought to be amended so as to require all
mortgages covering personal property to be recorded in both kinds
of records, or have them indexed in the chattel mortgage record.

Appeal from Audrain Circuit Court.—*Hon. E. M.
Hughes*, Judge.

AFFIRMED.

STATEMENT.

On March 3, 1898, J. W. Crawford borrowed of the
defendant, Farmers and Merchants Bank of Centralia,

Missouri, six hundred and sixty dollars and gave his note for the same due six months after date. Crawford used this money to pay the purchase price of twenty-six head of steer calves and on the same date gave the said bank a chattel mortgage on the calves to secure the payment of the note. This chattel mortgage was not filed for record until November 22, 1899.

On December 28, 1898, said J. W. Crawford bought fourteen steer calves and borrowed of the said defendant bank three hundred dollars to pay for them, and on the same day executed his note for the said sum of three hundred dollars due one year after date, and gave a chattel mortgage to the bank on the fourteen calves to secure the note, which mortgage was recorded December 2, 1899.

On September 11, 1899, Crawford borrowed of the said bank three hundred and fifty dollars giving his note for same due one year after date and secured by chattel mortgage on fourteen yearling steers.

All three mortgages described the cattle and stated that the same were in the mortgagor's possession, one and one-fourth mile east of Saling postoffice, in Audrain county, Missouri. The third mortgage was recorded November 27, 1899.

On January 6, 1899, D. A. Mayer of Sturgeon held two notes; one dated January 3, 1899, for three hundred dollars, due December 1, 1899, and one for twelve hundred dollars, dated January 3, 1899, due three years after date. Both of these notes were payable to the order of D. A. Mayer and were signed by W. D. Crawford, Lucretia Crawford, his wife, and J. W. Crawford. W. D. Crawford is the father of J. W. Crawford. On the 6th day of January, 1899, to secure the payment of said two notes, W. D. Crawford, Lucretia Crawford and J. W. Crawford executed a deed of trust to Mayer on one hundred and twenty acres of land belonging to said W. D. Crawford, situated in Audrain county.

The deed of trust was in the usual printed form with power of sale.

After describing the land conveyed as being one hundred and twenty acres, the deed recited that, "The following described cattle are given as additional security for the payments of notes described in this deed of trust, to-wit; thirty-four two-year-old steers this coming spring; six are Polled Angus and Jersey mixed, one white and black spotted, two blacks, twenty-five reds and roans, fourteen calves, eight reds, three reds with white faces, one black, one white and black spotted and one red roan; all of said cattle are the property of J. W. Crawford."

The deed of trust was properly acknowledged before a justice of the peace on the day of its date and was recorded in the recorder's office of Audrain county on January 19, 1899, in book 19, page 514 of the record of mortgages, and was indexed as a deed of trust on land. The index described the land but no reference was made in the index to the cattle described in the deed nor was the deed recorded in the chattel mortgage record or indexed as a chattel mortgage.

On September 11, 1899, C. W. Settle, cashier of defendant bank, searched the records for chattel mortgages from J. W. Crawford and found none, nor indexes of any, and afterwards took the second and third chattel mortgages to the defendant, Farmers and Merchants Bank of Centralia. A short time after the notes were given to Mayer, he assigned them to the plaintiff.

On December 4, 1899, none of the notes secured by the deed of trust or by the said several chattel mortgages having been paid, and both plaintiff and defendant claiming the cattle, by consent of the parties interested, the cattle were sold by T. E. Gorman and the money realized from the sale ($1,850) was deposited with him with the understanding that he was to turn over the proceeds of the sale only on agreement of the parties claiming the fund; if no agreement was reached

then he was to pay it out on the order of the court. The parties failed to agree as to who was entitled to the money, hence this suit.

Defendants by their answer referring to the deed of trust of January 6, 1899, alleged that Mayer, before he took the deed and at the time it was executed and delivered to him, was notified of the existence of the mortgages held by the defendant and that he with such knowledge agreed and consented to take the deed of trust subject to the chattel mortgages held by the defendant, Farmers and Merchants Bank of Centralia, and that it was agreed that the deed of trust should be drawn subject to defendant's claim and mortgages, but that by mistake of the scrivener the agreement was omitted.

The issues were submitted to the court sitting as a jury who, after hearing all the evidence, found the issues for plaintiff and rendered judgment in his favor for the sum of seventeen hundred and sixty dollars. After unsuccessful motions for new trial and in arrest defendant Farmers and Merchants Bank of Centralia appealed.

The defendant, Gorman, having been permitted to pay the money into court, was discharged.

*H. S. Booth* and *Fry & Clay* for appellants.

(1) This deed of trust, as to the cattle, was neither a mortgage nor pledge. This instrument does not convey the legal title to the cattle upon express condition subsequent, as was necessary to constitute it a mortgage. There was no delivery of the cattle by the debtor in security for the debt, and therefore it was not a pledge. Vanstone v. Goodwin, 42 Mo. App. 39; Jones on Chattel Mortg., secs. 1, 6 and 32; Bargus v. Kattleman, 41 Mo. 480. (2) Revised Statutes 1899, section 9062, sets forth what instruments shall be recorded. This embraces only such instruments as sell and convey

property. If the instrument in question here, so far·
as it affects the cattle, is not embraced in the foregoing
section, then the record of it was no notice to this de-
fendant, and did not affect its chattel mortgages. In
Kuykendall v. McDonald, 15 Mo. 416, the court held that
"the law does not require absolute bills of sale of per-
sonal property to be recorded, the placing them on
record being an unauthorized act, avails the parties
nothing." Roeder Bros. v. Brewing Co., 33 Mo. App.
69. An instrument which under the law is not entitled
to be recorded, though recorded, is no constructive no-
tice. Stevens v. Hampton, 46 Mo. 404; Krieger ·v.
Crocker, 118 Mo. 531; Bank v. Carondelet R. E. Co.,
150 Mo. 570; Black v. Gregg, 58 Mo. 565.

*George Robertson* and *Thos. S. Carter* for respond-
ent.

(1) Plaintiff's mortgage or deed of trust, having
been placed of record before those of the bank, is valid
and is a prior lien upon the cattle. Sec. 3404, Revised
Statutes 1899; Bryson v. Penix, 18 Mo. 13; Bevans v.
Bolton, 31 Mo. 437; Collins v. Wilhoit, 35 Mo. App.
585; Mich. Buggy Company v. Woodson, 59 Mo. App.
550; Martin, etc., Co. v. Perkins, 63 Mo. App. 310;
Mead v. Maberry, 62 Mo. App. 557. (2) The record
of plaintiff's mortgage was sufficient, though not re-
corded in a separate volume conveying personal prop-
erty alone. Harrold v. Simonds, 9 Mo. 326; Bishop v.
Schneider, 46 Mo. 472; Dingman v. McCollum, 47 Mo.
375; Jennings v. Sparkman, 39 Mo. App. 663; Bank v.
Hartsock, 56 Mo. App. 291.

BLAND, P. J.—Evidence was introduced by the
defendant tending to prove that Mayer took the deed
of trust with an understanding that his mortgage on
the cattle should be subjected to the mortgages given by
J. W. Crawford to the defendant bank. This under-

standing, if made, was not incorporated in the deed of trust and there is no evidence that the plaintiff was informed of this agreement or had any knowledge of it, and it being admitted, the notes to Mayer were negotiable and were transferred to the plaintiff before maturity, the agreement that the Mayer deed of trust as to the cattle should be subject to the mortgages held by the defendant bank is eliminated from the case and appellants make no point on the agreement. Appellants contend that, as to the cattle, the deed of trust is neither a mortgage nor a pledge; that there are no apt words in the instrument selling or conveying the cattle to Mayer. By its answer the appellants tacitly admitted that the deed of trust was effectual to mortgage the cattle to Mayer and seek to avoid the priority of that mortgage by the allegation that Mayer took the cattle subject to prior mortgages of the defendant. The cause was tried on this theory and will be disposed of here on the same theory.

The only question remaining for consideration is whether or not the record of the deed of trust on the land records of mortgages for Audrain county was constructive notice of the mortgage of the cattle described in the deed of trust.

This question is answered in the affirmative by the decision of this court in the case of Jennings v. Sparkman, 39 Mo. App. 663, where it was ruled that a deed of trust conveying both an interest in land, a lot of mules and other personal property, was properly recorded in the series of books kept for recording instruments affecting real estate, and that when so recorded it imparted constructive notice to the world that both the interest in the land and the personal property were conveyed by the instrument. The Kansas City Court of Appeals in Hume Bank v. Hartsock, 56 Mo. App. 291, approvingly cited the Jennings case.

This ruling seems to us to set a trap to catch even the diligent searcher for recorded mortgages on per-

sonal property, for who would think to look to the records wherein instruments affecting lands are required to be recorded for mortgages on personal property in view of the fact that the statute requires chattel mortgages to be recorded in a separate series of books? But we are not prepared to say that this court, in the Jennings case, misconstrued the statutes pertaining to the recording of these instruments, but are prepared to say that the Legislature ought to throw the trap by providing for the recording of these double-barreled mortgages affecting both real and personal property in both series of books, or by requiring the recorder to make an index that would direct the searcher to the book and place where they are recorded.

The learned circuit judge followed the ruling in the Jennings case, and we affirm the judgment. *Barclay* and *Goode, JJ.,* concur.