WOODBURY GLASS COMPANY *v.* BEESON ET AL.

[No. 10,479. Filed June 2, 1920.]

CHATTEL MORTGAGES.—*Recording.*—*Real Estate Mortgage Records.*—*Constructive Notice.*—Where a mortgage of real estate and chattels was recorded in the real estate mortgage records only, such recording was constructive notice as to the chattels under §§7472, 7473, 9492, 9495, 9497 Burns 1914, Acts 1907 p. 240, §§4914, 5930, 5931, 5933 R. S. 1881.

From Randolph Circuit Court; *Theodore Shockney,* Judge.

Action by Charles H. Beeson and others against Woodbury Glass Company. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*A. L. Bales, J. W. Macy* and *A. L. Nichols,* for appellant.

*W. G. Parry* and *J. S. Engle,* for appellees.

ENLOE, P. J.—On January 6, 1917, one Orland E. Way executed a mortgage covering both real estate and

chattel property to appellees Beeson, Wysong, and G. W. Hiatt. On the same day, this mortgage was taken to the office of the recorder of Randolph county, Indiana, and delivered to and left with said recorder to be recorded, and a fee of one dollar was then and there tendered to and paid to the recorder for recording the same, but nothing was said to the recorder about the mortgage covering both real estate and personal property, and no direction was given the recorder to record said mortgage in the chattel mortgage record, or to index the same in such record, or to make any notation on the real estate mortgage index that the mortgage covered any chattel property. Said mortgage was then and there received by said recorder and in due time duly recorded in mortgage record No. 56, of real estate mortgages, at page 548 of said record.

Thereafter, on September 22, 1917, appellant, Woodbury Glass Company, without any actual knowledge that the same was included in said mortgage aforesaid, purchased of said Way one concrete mixer, paying him the sum of $350 therefor, and at once took possession of said machine, and retained possession thereof, using the same as its own property, until after this suit was brought.

By this suit the appellees, Beeson, Wysong, and G. W. Hiatt, sought to foreclose their said mortgage upon the personal property therein described. Appellant filed its answer, setting up the foregoing facts, with others not necessary to be stated, in bar of said action. To this answer a demurrer was sustained, and this ruling presents the only question necessary to be considered on this appeal.

The various sections of our statute which have any bearing on the question at issue are as follows:

Section 9492 Burns 1914, §5930 R. S. 1881, provides: "Such recorder, at the expense of the county, shall pro-

cure sufficiently large and well-bound books, of good materials, in which he shall record all deeds, bonds, field-notes, and other instruments of writing delivered to him, which by law he is bound to record; and he shall also keep a book in which he shall enter, upon the reception of any such instrument, the date thereof, names of grantors and grantees, description of the premises affected by such instrument, and the fees for the recording thereof, and shall deliver a receipt to the person bringing such instrument, if demanded, containing the matter embraced in such entry."

Section 9495 Burns 1914, §5931 R. S. 1881, provides: "Such recorder shall record all instruments of writing, proper to be recorded, in the order of priority of time at which each was delivered at his office for record, and shall also make a complete index of all such instruments so recorded, for each volume thereof in the manner following: The name of each grantor, promissor or covenantor, in alphabetical order, referring to the proper grantee, promisee or covenantee; and also the names of each grantee, promisee, or covenantee, in the same order, referring to the proper grantor, promissor or covenantor."

Section 9497 Burns 1914, §5933 R. S. 1881, provides: "Such recorder shall record deeds, mortgages, and indentures of apprentices, in separate books to be procured for that purpose, as provided for in section 2 of this act." §9492, *supra.*

The above are sections 2, 3, and 4 of the acts of 1852, which went into force and effect May 6, 1853.

Section 7472 Burns 1914, Acts 1907 p. 240, provides: "No assignment of goods by way of mortgage shall be valid against any other person than the parties thereto, where such goods are not delivered to the mortgagee or assignee and retained by him, unless such assignment or mortgage shall be acknowledged as provided in case

of deeds of conveyance, and recorded in the recorder's office of the county where the mortgagor resides, if he resides in this state, and if not a resident of the state, then in the county where said property is situated, within ten days after the execution thereof."

Section 7473 Burns 1914, §4914 R. S. 1881, provides: "Every such mortgage shall be considered as recorded from the time it shall be left at the proper recorder's office for that purpose."

In this case there is no contention as to the residence of said mortgagor, or that said mortgage was not duly executed, and left at the proper office to be recorded. The question is as to the sufficiency of the record.

It is a matter of common knowledge that separate books for recording chattel mortgages have come into use long since the enactment of the above sections of our statute. The former practice was to record all mortgages in one book, with a notation in the "index" as to whether such mortgage covered "real estate" or "personal property" or both species of property. Later separate books for recording these mortgages came into use, but not as a result of any legislative mandate. It seems to have been an innovation of the recorder, introduced for the convenience of persons interested in such matters; a kind of "labor saving device," for the benefit of the public. In the case of Long v. Gorman (1903), (100 Mo. App. 45, 79 S. W. 180, it was said: "The only question remaining for consideration is whether or not the record of the deed of trust on the land records of mortgages for Audrain county was constructive notice of the mortgage of the cattle described in the deed of trust. This question is answered in the affirmative by the decision of this court in the case of Jennings v. Sparkman, 39 Mo. App. 663, where it was ruled that a deed of trust conveying both an interest in land, a lot of mules and other personal prop-

erty, was properly recorded in the series of books kept for recording instruments affecting real estate, and that when so recorded it imparted constructive notice to the world that both the interest in the land and the personal property were conveyed by the instrument.

"This ruling seems to us to set a trap to catch even the diligent searcher for recorded mortgages on personal property, for who would think to look to the records wherein instruments affecting lands are required to be recorded for mortgages on personal property in view of the fact that the statute requires chattel mortgages to be recorded in a separate series of books? But we are not prepared to say that this court, in the Jennings case, misconstrued the statutes pertaining to the recording of these instruments, but are prepared to say that the Legislature ought to throw the trap by providing for the recording of these double-barreled mortgages affecting both real and personal property in both series of books, or by requiring the recorder to make an index that would direct the searcher to the book and place where they are recorded."

We approve what was said in the Long case, *supra,* as to the need for legislative action covering the matter in question. Our statute should be so amended as to require such a recording of instruments like the one in question that all persons may have fair notice of the existence thereof.

We find no error in this record, and the judgment is therefore affirmed.

Nichols, J., not participating.